(January 5, 1988)

■ The People of the State of New York, Respondent, v
Giovanna Baez, Appellant.—Judgment of the Supreme Court,
New York County (Edward J. McLaughlin, J.), rendered April
9, 1986, convicting defendant Giovanna Baez after a jury trial
of assault in the first degree (Penal Law § 120.10 [1]), criminal
possession of a weapon in the second degree (Penal Law
§ 265.03), and sentencing defendant as a predicate felon to two
concurrent prison terms of from 7½ to 15 years, respectively,
for the aforementioned offenses, and to a term of 2⅓ to 7
years for violation of probation, also to run concurrently,
unanimously modified, on the law and the facts and as a
matter of discretion in the interest of justice, to reduce defen-
dant's sentences for assault in the first degree and criminal
possession of a weapon in the second degree to concurrent
terms of 5 to 10 years, and except as so modified, affirmed.

The motion by defendant to enlarge the record is denied.

The evidence at trial established that the complainant
initiated a fistfight with defendant's husband, Nelson Baez.
The complainant testified that as he began to get the better of
Nelson, Nelson's hands dropped to his sides and he called out
to defendant indicating that he was hurt and requested help.
Defendant took out a .25 caliber pistol and shot the complain-
ant in the hip. As the complainant dropped down on one knee,
Nelson charged at him and the complainant struck him again.
Defendant then fired either 1 or 2 more shots striking the
complainant in the forearm and armpit. The complainant
thereafter ran away.

While convicting defendant of the above-mentioned crimes,
the jury acquitted her of attempted murder. At sentencing,
however, the court expressed the view that the jury, in

acquitting on the attempted murder count, had treated defendant with undeserved lenity and that, notwithstanding the acquittal, defendant was to "get no credit for being a bad shot".

Fairly viewed, the evidence indicates that defendant fired at the complainant as an immediate response to a serious assault upon her husband by the complainant. The shots, fired at close range, did not hit vital areas of complainant's body; what the evidence indicates and what the jury apparently found was that defendant assaulted the complainant solely to prevent him from harming her husband further and had no intention of killing him.

Considering the circumstances of the crime, and the fact that defendant has no prior history of violent criminal behavior, and taking cognizance of defendant's apparent potential eventually to become a productive member of society, we think it appropriate to reduce her sentence as indicated. Concur—Murphy, P. J., Sandler, Carro, Asch and Kassal, JJ.