■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH MAULA, Appellant.—Judgment, Supreme Court, Bronx County (Vincent Vitale, J.) rendered June 28, 1989, which convicted defendant of criminal possession of a weapon in the fourth degree and sentenced him to a definite term of imprisonment of one year and a $1,000 fine, modified, on the law, to vacate the sentence and remand the matter to the Supreme Court for resentencing, and otherwise affirmed.

Defendant's sentence for his conviction of the crime of criminal possession of a weapon in the fourth degree should be vacated because in imposing the maximum sentence the trial court improperly considered the charges relating to the death of the victim upon which defendant was acquitted.

The underlying incident giving rise to the charges against defendant involved an altercation during which defendant, using an unlicensed gun, shot and killed a business associate who was alleged to have severely beaten defendant, and to have continued to threaten him.

Defendant was originally charged with murder in the second degree, criminal possession of a weapon in the second degree and criminal use of a firearm in the second degree. At an earlier trial, he was convicted of manslaughter in the first degree and sentenced to a prison term of 6 to 18 years. That conviction was reversed by this court, and a new trial ordered (138 AD2d 307).

The second trial, at which the defense of justification was asserted, resulted in a verdict of not guilty on the charge of manslaughter in the first degree, with defendant being convicted only of criminal possession of a weapon in the fourth degree, a misdemeanor. The court sentenced defendant to the maximum sentence of one year, plus a fine in the sum of $1,000. The defendant had served approximately 40 days of his sentence prior to his release on bail pending this appeal.

Before imposing sentence, the Trial Judge noted: "The jury in this case in their wisdom found the defendant not guilty of the more serious charges and we all have to accept that verdict, no matter how anyone may feel about it."

The Judge then expressed sympathy to the family and friends of the victim and stated that he had received letters attesting to the victim's very fine character and excellent community work as a doctor, and also mentioned that he had

received letters attesting to the good character of defendant. The Judge next stated: "The great tragedy [the death of the victim] is a result of the actions of only one man and that's Kenneth Maula, who stands before me. And one fact in this entire case stands out in my mind more than any other fact and I'm quite aware of it and that is if this defendant did not possess an illegal gun, a human life would not have been lost."

These statements indicate that in making his sentencing determination the Judge took into consideration the death of the victim notwithstanding defendant's acquittal of those charges. The probation report which was before the court described the defendant as a hard-working, compassionate family man and dedicated community leader and recommended a sentence of intermittent weekends and probation for this aberrational act. The record is silent as to any other considerations weighed by the court before imposing the maximum sentence. Accordingly, there can be no doubt that the victim's death was the prime consideration in the Judge's decision to impose the maximum sentence of one year.

In *People v Cwikla* (60 AD2d 40, *revd on other grounds* 46 NY2d 434), this court reversed the sentence imposed on the defendant who, after a second trial, was acquitted of a felony murder charge and convicted only of the lesser crime of burglary. In sentencing the defendant to a lengthy sentence for the burglary conviction, the trial court had taken note of the death of the victim, notwithstanding the jury's verdict acquitting the defendant of any responsibility for the death. In vacating the sentence, this court noted: "We must agree that with Cwikla's acquittal on the felony murder charge the death of Mr. Kubanik could no longer be considered by the court as a factor in determining the sentence to impose upon Cwikla after his second trial. (See *People v Richardson,* 51 AD2d 462, 465.)" *(People v Cwikla,* 60 AD2d 40, 47-48, *supra.)*

Here, similar circumstances require the reversal of defendant's sentence. The trial court erred when it considered the death of the victim in determining the sentence to be imposed on the defendant for the misdemeanor gun charge. Accordingly, the sentence imposed should be vacated, and the matter remanded to the trial court for resentencing in accordance with the foregoing. Concur—Rosenberger, Ellerin and Rubin, JJ.

Sullivan, J. P., and Ross, J., dissent in a memorandum by Sullivan, J. P., as follows: I do not agree that, in deciding to impose the maximum sentence, the court erred in considering

that if defendant "did not possess an illegal gun, a human life would not have been lost." It is clear from the court's statement that the victim's death was an important factor in the sentencing determination, which is not to say that the court, in any way, in considering this factor, held defendant accountable for the underlying homicide. It merely shows that the court recognized that the gun which defendant illegally possessed was the instrumentality which caused a person's death, that is, that the loss of life was the ultimate consequence of the crime of which defendant was convicted. Defendant admitted at trial that he fired the fatal shot; as noted by the majority, his defense was justification. Thus, while defendant is not criminally responsible for the victim's death there is no dispute that it resulted from defendant's conduct, which, to the extent he illegally possessed a gun, was criminal.

Thus, I would affirm the judgment in all respects.