■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. KENNETH MAULA, Appellant, v LLOYD FRECKLETON, as Warden of Rikers Island Correctional Facility, Respondent.—Order, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), entered on April 5, 1991, dismissing relator's petition for a writ of habeas corpus, unanimously affirmed, without costs.

Relator was tried twice for a homicide occurring in 1985. After the reversal of his first judgment of conviction *(People v Maula,* 138 AD2d 307; *see also, People v Maula,* 163 AD2d 180), and upon his second trial, he was convicted only of criminal possession of a weapon in the fourth degree, for which he was ultimately sentenced to one year imprisonment. In his petition for a writ of habeas corpus, relator claims that

because the trial court did not submit any weapons possession counts to the first jury, reprosecution upon those counts at the second trial was barred by double jeopardy.

CPL 470.55 explicitly states that an indictment, upon retrial, is deemed to contain all the original charges, including any charge dismissed by the court, except for those upon which defendant was acquitted or deemed to have been acquitted. While counts not submitted are deemed dismissed (CPL 300.40 [7]), the record here indicates that the decision not to submit these counts was not based on legal insufficiency, and consequently the relator was not deemed to have been acquitted of these charges. Therefore, reprosecution on these counts was not barred by double jeopardy *(Matter of Pastrana v Baker,* 55 NY2d 315). Concur—Sullivan, J. P., Wallach, Kupferman, Ross and Asch, JJ.