Kenneth MAULA, Petitioner–Appellant,

v.

Lloyd FRECKLETON, Warden of the Rikers Island Correctional Facility, Respondent–Appellee.

No. 1571, Docket 92–2103.

United States Court of Appeals, Second Circuit.

Argued May 20, 1992.

Decided Aug. 6, 1992.

Joseph Frost, New York City (Frost & Berenholtz, of counsel), for petitioner-appellant.

Daniel S. Ratner, Asst. Dist. Atty., for Bronx County, Bronx, N.Y. (Robert T. Johnson, Dist. Atty., Peter D. Coddington, Asst. Dist. Atty., of counsel), for respondent-appellee.

Before: PRATT and ALTIMARI, Circuit Judges, and DANIEL M. FRIEDMAN, Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

PER CURIAM:

In August 1986 Kenneth Maula was indicted in New York Supreme Court, Bronx County, for murder in the second degree, criminal possession of a weapon in the second degree, and criminal use of a firearm in the second degree. After both sides had rested at trial, Maula moved to dismiss all three counts for insufficient evidence. The trial court denied the motion, but later during the same conference, informed counsel that it had decided to submit only the murder count to the jury. Maula raised no objection and, as a result, the court did not submit the two weapons counts to the jury.

The jury convicted Maula on a lesser included offense of manslaughter in the first degree. The Appellate Division, however, reversed and remanded for a new trial. *See People v. Maula,* 138 A.D.2d 307, 526 N.Y.S.2d 441 (1st Dep't), *appeal denied,* 72 N.Y.2d 863, 532 N.Y.S.2d 513, 528 N.E.2d 903 (1988). The state then reindicted Maula, and the new indictment charged Maula with manslaughter in the

first degree, criminal use of a firearm in the first and second degrees and criminal possession of a weapon in the second degree. Thus, the new charging instrument included the two weapons counts that had not been submitted to the jury at the first trial.

At the second trial the jury found Maula guilty of only one count, criminal possession of a weapon in the fourth degree. On direct appeal, Maula challenged only his sentence, and the Appellate Division remanded for resentencing. *See People v. Maula*, 163 A.D.2d 180, 558 N.Y.S.2d 42 (1st Dep't 1990).

In a subsequent state-court habeas proceeding, Maula contended for the first time that, under double jeopardy principles, nonsubmission of the weapons counts at the first trial barred his reprosecution on those counts at the second trial. His contention failed both in the state trial court and on appeal. *See People ex rel. Maula v. Freckleton*, 176 A.D.2d 590, 574 N.Y.S.2d 753 (1st Dep't), *appeal denied*, 78 N.Y.2d 862, 578 N.Y.S.2d 877, 586 N.E.2d 60 (1991).

Having exhausted his state remedies, Maula then sought a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Southern District of New York, David N. Edelstein, *Judge*. Judge Edelstein denied the writ, but granted a certificate of probable cause for appeal to this court. We affirm substantially for the reasons expressed in Judge Edelstein's opinion, *People ex rel. Maula v. Freckleton*, 782 F.Supp. 889 (S.D.N.Y. 1992); we write primarily to amplify the concept of consent in this context.

■ This case presents two important questions. One of them, a question of state law, is whether the nonsubmission of the weapons counts to the jury constituted an acquittal that barred reprosecution after the Appellate Division reversed the manslaughter conviction. On this issue the state courts held that reprosecution was permitted, with the Appellate Division noting that the trial court's decision not to submit the counts "was not based on legal insufficiency" and therefore was not an acquittal. *People ex rel. Maula*, 574

N.Y.S.2d at 754. The state court's determination that nonsubmission is not the equivalent of an acquittal under the statute reflects existing federal law, namely, that an acquittal occurs only when " 'the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged' ". *United States v. Scott*, 437 U.S. 82, 97, 98 S.Ct. 2187, 2197, 57 L.Ed.2d 65 (1978) (brackets in original) (quoting *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 1354–55, 51 L.Ed.2d 642 (1977)). Under established federal habeas principles, we must defer to the state court's determination of this issue of state procedural law. *See Estelle v. McGuire*, — U.S. —, —, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991) ("it is not the province of a federal habeas court to reexamine state court determinations on state law questions").

The second important question is whether reprosecution of Maula on the nonsubmitted weapons charges offended the federal constitutional protection against double jeopardy, in particular, Maula's " 'valued right * * * to have his trial completed by the particular tribunal summoned to sit in judgment on him' ". *Scott*, 437 U.S. at 92, 98 S.Ct. at 2194 (quoting *Downum v. United States*, 372 U.S. 734, 736, 83 S.Ct. 1033, 1034, 10 L.Ed.2d 100 (1963)). The district court correctly determined that the double jeopardy standards applicable to mistrials are applicable in other contexts, *see, e.g., Lee v. United States*, 432 U.S. 23, 31, 97 S.Ct. 2141, 2146, 53 L.Ed.2d 80 (1977) (where trial court granted motion to dismiss charging instrument as insufficient, and such dismissal was made in contemplation of a second prosecution, such dismissal is "functionally indistinguishable from a declaration of mistrial"), and that those standards should be applied to the nonsubmission of Maula's weapons counts under New York Criminal Procedure Law § 300.- 40(7). *See People ex rel. Maula*, 782 F.Supp. at 893–99.

■ Where a defendant either objects or fails to consent to a trial court's declaration

of a mistrial, double jeopardy will bar a second prosecution unless there was a "manifest necessity" for the mistrial. *See United States v. Dinitz*, 424 U.S. 600, 606–07, 96 S.Ct. 1075, 1078–80, 47 L.Ed.2d 267 (1976). No "manifest necessity" analysis is required, however, when a defendant requests a mistrial, or consents to one, *id.* at 608, 96 S.Ct. at 1080; *see also Oregon v. Kennedy*, 456 U.S. 667, 672, 102 S.Ct. 2083, 2087–88, 72 L.Ed.2d 416 (1982), unless the government or the court acts in a manner intended to provoke a defendant to move for a mistrial. *Id.* at 679, 102 S.Ct. at 2091.

■ The district court here found that Maula had expressly consented to the nonsubmission of the weapons counts. Consent could also be properly inferred from Maula's failure to object when the state trial court announced that it would not submit the weapons counts to the jury— after the trial court had first denied Maula's motion to dismiss those counts for failure of proof. *See United States v. Goldstein*, 479 F.2d 1061, 1067 (2d Cir.) (consent implied from "totality of circumstances" where defendants moved for mistrial two hours before court actually declared mistrial and failed to object to the mistrial when jury was discharged), *cert. denied*, 414 U.S. 873, 94 S.Ct. 151, 38 L.Ed.2d 113 (1973); *Camden v. Circuit Court of Second Judicial Circuit*, 892 F.2d 610, 615 (7th Cir.1989) (consent can be inferred where defendant was afforded "minimal but adequate opportunity to object" while mistrial was being declared), *cert. denied*, 495 U.S. 921, 110 S.Ct. 1954, 109 L.Ed.2d 316 (1990).

Maula was left with a clear strategic choice after the trial court denied his motion to dismiss based on insufficiency of proof. On the one hand, Maula could have objected to the nonsubmission of the weapons counts, seeking to further his substantial interest in having a single jury adjudicate all charges against him. That choice would have preserved the double jeopardy claim for later review under the manifest necessity analysis. On the other hand, Maula could have consented to the nonsubmission and thereby waived any objection to the procedure. This choice would have furthered his interest in avoiding adjudica-tion of the weapons charges at that time and by that jury; of course, it would also expose him to the possibility of a further prosecution. By failing to object in this context, where the trial court had clearly denied Maula's motion for the equivalent of an acquittal, Maula selected the latter option and the risks that went with it.

Inferring consent from counsel's failure to object in this case is not only consistent with the requirements of the double jeopardy clause; it also tracks the general principle applied in other areas of trial practice, when failure to object to a ruling, which at the time it is made or proposed could readily be changed, will bar future attempts to review that ruling. *See* Fed.R.Evid. 103(a) ("[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected" and a timely objection is made); Fed.R.Crim.P. 51 (exceptions unnecessary when "a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which that party desires the court to take or that party's objection to the action of the court and the grounds therefor; but if a party has no opportunity to object to a ruling or order, the absence of an objection does not thereafter prejudice that party"); Fed.R.Crim.P. 30 ("[n]o party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which that party objects and the grounds of the objection"). As where a defendant requests a mistrial, the crucial consideration in determining consent under the double jeopardy clause "is that the defendant retain primary control over the course to be followed in the event of [judicial or prosecutorial] error." *Dinitz*, 424 U.S. at 609, 96 S.Ct. at 1080. In this case, the defendant retained control over whether to object to the nonsubmission, especially where the state trial court had denied his previous motion to dismiss for insufficiency.

Affirmed.