■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLIVER GRANT, Appellant. [595 NYS2d 38] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered December 19, 1990, convicting the defendant, after a jury trial, of rape in the second degree, and sentencing him to an indeterminate term of imprisonment of from 2 to 6 years, unanimously modified, on the law and as a matter of discretion in the interest of justice, to reduce the sentence to a term of imprisonment of 6 weeks followed by probation for the statutory period, and otherwise affirmed.

We agree with the defendant that the Supreme Court erred in considering crimes of which he was acquitted in imposing sentence. The indictment charged the defendant with committing the crimes of rape in the first and second degrees and sexual abuse in the first degree in November of 1987, with first and second degree sodomy on June 23, 1989, with two counts each of first and second degree sodomy and one count of sexual abuse in the first degree on July 24, 1989, with endangering the welfare of two children in July of 1989 and with first and second degree rape on July 28, 1989. Of the charges ultimately submitted to the jury, the defendant was convicted only of one count of rape in the second degree, pertaining to the incident on July 28, 1989. He was acquitted of the remaining charges submitted.

Despite the jury's acquittal of the defendant of all charges other than the July 28, 1989 incident and despite his acquittal of the charge of forcible rape on that date, the court, in imposing sentence, stated that "there were many acts of intercourse, and for that reason I'm sentencing him to jail." Since the defendant was convicted solely of the one count of rape in the second degree, the court erred in considering the remaining charges of which he was not convicted in determining the sentence to be imposed (see, People v Maula, 163 AD2d 180; People v Cwikla, 60 AD2d 40, revd on other grounds 46 NY2d 434; People v Coward, 100 AD2d 628; People v Baez, 136 AD2d 451, lv denied 71 NY2d 892; cf., People v Hall, 46 NY2d 873, 875, cert denied 444 US 848).

The prohibition against double jeopardy found in both US Constitution 5th Amendment, and NY Constitution, article I, § 6, also requires resentence here.

We have considered the defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Carro, Rosenberger and Asch, JJ.