■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VAN F. SEPLOW, Appellant. [640 NYS2d 535] —Judgment, Supreme Court, New York County (Marcy Kahn J.), rendered November 16, 1994, convicting defendant, after a jury trial, of grand larceny in the third degree, and sentencing him to concurrent terms of 6 months imprisonment and 5 years probation, a fine of $5,000 and restitution in the amount of $30,000, with the additional condition that he surrender his New York State real estate broker's license, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see, People v Corporan*, 169 AD2d 643, *lv denied* 77 NY2d 959), which showed that defendant was the real estate broker for the owner of the subject apartment and that by making material misrepresentations both to the owner and a potential buyer, he deprived the lat-

ter, who relied upon his false statements, of her property and enriched himself at her expense. Nor was defendant deprived of due process when the trial court, in imposing sentence, took into account two prior bad acts by defendant, it being proper to consider a defendant's background, including crimes for which he or she was never tried or convicted (*People v Cunningham*, 153 AD2d 700, *lv denied* 74 NY2d 895; *People v Khan*, 146 AD2d 806, 807, *lv denied* 73 NY2d 1021). The standard for determining whether a sentencing has been fairly conducted "is whether the defendant has been afforded an opportunity to refute those aggravating factors which may have negatively influenced the court" (*People v Perry*, 36 NY2d 114, 119), clearly the case here. We have considered defendant's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Wallach, Kupferman, Ross and Williams, JJ.