OPINION OF THE COURT
Robert S. Kreindler, J.
After the court adjudicated defendant as being in violation of *756 the conditions of probation, the court requested both sides to address the issue of whether at sentencing the court could consider an acquittal against defendant in a homicide case tried before this court, if the court found that defendant had committed the homicide despite the jury’s verdict of not guilty. The court informed both parties of Appellate Division decisions on the issue, as well as a United States Supreme Court decision, and asked the parties if the United States Supreme Court decision overruled the holding of the Appellate Division decisions. Both parties submitted memoranda of law on the issue and urged the court not to consider the acquittal. At sentencing, over the objection of both sides, the court considered the acquittal and enhanced defendant’s sentence because the court found that the defendant had committed a felony murder. This decision explains the court’s reasoning for its action.
Factual Background
On February 9, 1997, a person was assaulted. On February 11, 1997, a felony complaint was filed alleging that defendant committed the assault and he was arraigned on the felony complaint.
On July 1, 1997, this indictment was filed against defendant charging him with numerous crimes including assault in the first degree. On July 15, 1997, defendant was arraigned on the indictment and pleaded not guilty.
On October 20, 1997, defendant withdrew his not guilty plea and pleaded guilty to assault in the first degree. On December 1, 1997, defendant was adjudicated a youthful offender (Y.O.) and “sentenced” to five years’ probation.
On February 19, 1999, defendant was arrested for a July 24, 1997 homicide which occurred at Flatbush Avenue and Avenue K in Brooklyn, New York. While under arrest, defendant made written and videotaped statements as to his involvement in the robbery, but denied that he was the shooter. He claimed a coperpetrator was the shooter. On February 20, 1999, defendant was arraigned in Criminal Court on the charges.
On February 23, 1999, a violation of conditions of probation form under this (the Y.O. assault case) indictment was filed with the court. The specifications claimed that defendant had committed the homicide and that he failed to inform the Probation Department of his arrest. During the pendency of these specifications, additional specifications were added relating to other crimes and other failures to report an arrest.
*757 On March 12, 1999, an indictment was filed charging defendant with felony murder and robbery regarding the July 24, 1997 homicide. On March 30, 1999, defendant was arraigned and pleaded not guilty.[1]
On January 4, 2000, this court conducted a Payton / Dunaway /Mapp hearing. At the conclusion of the hearing, this court granted suppression of certain statements made prior to the giving of Miranda warnings, but denied the motion to suppress the statements taken after the giving of Miranda warnings as they were attenuated from the prior statements.[2] This court found all the statements voluntary beyond a reasonable doubt.
On January 5, 2000, a jury trial commenced before this court. The major evidence against defendant consisted of his confessions to law enforcement agents, although there was other evidence. On January 11, 2000, the court instructed the jury. Included in the court’s instruction was an instruction as to the voluntariness of a confession. During deliberations the jury sent 10 notes to the court requesting information, readback of testimony[3] or instructions on the law. Eight of the 10 notes related to the confessions and.two of those eight notes requested information about when to “disregard” the confessions.[4] On January 12, 2000, the jury acquitted defendant of all charges.
On April 5, 2000, the court found that defendant had violated a condition of probation, namely, that he failed to inform the Probation Department of his arrest on February 19, 1999. The court did not adjudicate defendant for having committed the homicide, since the homicide was committed prior to the defendant being placed on probation. No evidence regarding the other specifications was submitted, and the court made no adjudication as to them. The court further stated that it had found by a preponderance of the evidence that defendant had committed the felony murder for which he was acquitted. The court now clarifies the matter and further finds that defendant’s *758 commission of the felony murder was proven by clear and convincing evidence.[5] Sentencing for the violation of probation was set for April 26, 2000.
By letter dated April 7, 2000, the court asked both sides to consider People v Maula (163 AD2d 180), People v Coward (100 AD2d 628), People v Grant (191 AD2d 297) and United States v Watts (519 US 148, supra). Each party submitted a memorandum of law.
On April 26, 2000, the court sentenced defendant to the maximum period of incarceration for a youthful offender. The court stated that it had considered defendant’s commission of the felony murder in sentencing defendant.
Law
The Appellate Division, Second Department (People v Brown, 268 AD2d 592; People v Powell, 209 AD2d 645, 646), and the Appellate Division, Third Department (People v Conway, 263 AD2d 548, 549), hold that the underlying acts of a crime for which a probationer has been tried and acquitted may form the basis for a finding that defendant violated the condition of probation that a probationer live a law-abiding life (Penal Law § 65.10 [1]). The rationale of these cases is that a probation violation finding can be proven by a preponderance of evidence, while an acquittal is based upon a finding that the People failed to prove the case beyond a reasonable doubt. Since the probation violation finding is based on a different legal standard than that of the not guilty verdict, the courts find no constitutional problem in using the facts of an acquittal against a defendant in a probation violation hearing.
Similarly, the Court of Appeals (People ex rel. Matthews v New York State Div. of Parole, 58 NY2d 196, 201-204) holds that the facts of an offense of which defendant has been acquitted may form the basis for a violation of a condition of parole (see also, People ex rel. Kinzer v Williams, 256 AD2d 1240, 1241; Matter of Dantzler v Travis, 249 AD2d 841). The rationale of these cases is that the burden of proof at a parole violation hearing differs from that in a trial of a criminal case.
Courts have also held that a sentencing Judge/Justice may consider criminal activity for which defendant has never been tried or convicted (People v Gonzalez, 242 AD2d 306, 307; People *759 v Seplow, 226 AD2d 178, 179; People v Brooks, 167 AD2d 854, 855-856; People v Cunningham, 153 AD2d 700; People v Shapiro, 141 AD2d 577, 578-579). In People v Felix (58 NY2d 156), the Court said (at 164): “Thus, the offenses charged in dismissed counts of an indictment may he considered by the sentencing Judge even over defendant’s objection (Billiteri v United States Bd. of Parole, 541 F2d 938, 944; see United States v Needles, 472 F2d 652; Schulhofer, Due Process of Sentencing, 128 U of Pa L Rev 733, 763; Ann., 96 ALR2d 768, 787).” The Court of Appeals in Felix cited with approval page 944 of the Billiteri case. That page of Billiteri, as is relevant, reads as follows: “[T]his court has uniformly held that a sentencing judge has wide latitude in taking into consideration all matters bearing upon the personal history and behavior of the convicted accused, and this is by no means confined to the defendant’s conduct in connection with the offense for which he was convicted. It has held that in connection with a narcotics conviction, an unadjudicated charge of perjury could be considered. United States v. Hendrix, 505 F.2d 1233 (2 Cir. 1974). Offenses charged in dismissed counts of an indictment (as in the present case) may likewise be weighed in fixing sentence. United States v. Needles, 472 F.2d 652 (2 Cir. 1973). Similarly, the sentencing judge may properly take into account evidence of crimes of which the accuséd was acquitted. United States v. Sweig, 454 F.2d 181 (2 Cir. 1972).” By citing this page with approval, the Court of Appeals seems to agree with what the Billiteri court said at page 944 that a sentencing court may “take into account evidence of crimes of which the accused was acquitted.”
Also, cited in Felix (supra) is an Annotation at 96 ALR2d 768. That Annotation, as it existed at the time that the Felix Court cited it, found no case disagreeing with the proposition that a sentencing court could consider offenses of which defendant was acquitted (§ 7 [b], at 791-792; § 14 [b], at 813).[6]
Nonetheless, the Appellate Division, First Department (People v Varlack, 259 AD2d 392, 394; People v Grant, 191 AD2d 297, supra; People v Maula, 163 AD2d 180, 180-181, supra; People v Cwikla, 60 AD2d 40, revd on other grounds 46 NY2d 434) and the Appellate Division, Second Department (People v Menasche, 224 AD2d 551; People v Coward, 100 AD2d *760 628, supra), hold that a sentencing court cannot consider against a defendant the facts of an offense of which defendant has been acquitted. The Appellate Division, Third Department, appears to take a different view (People v La Veglia, 215 AD2d 836, 837;[7] see generally, People v Whalen, 99 AD2d 883, 884).
The Appellate Division, Second Department, has never explicitly stated its reason or rationale for prohibiting the sentencing court from considering offenses of which a defendant has been found not guilty. Thus, under Appellate Division, Second Department, precedent a court may find a violation of the condition of probation that a probationer live a law-abiding life (Penal Law § 65.10 [1]) based upon criminal activity of which a defendant has been acquitted (see, cases cited above), yet when sentencing such a defendant the sentencing court may not consider the acts constituting the probation violation.
The Appellate Division, First Department, in People v Grant (supra, 191 AD2d, at 297), said:
“Despite the jury’s acquittal of the defendant of all charges other than the July 28, 1989 incident and despite his acquittal of the charge of forcible rape on that date, the court, in imposing sentence, stated that ‘there were many acts of intercourse, and for that reason I’m sentencing him to jail.’ Since the defendant was convicted solely of the one count of rape in the second degree, the court erred in considering the remaining charges of which he was not convicted in determining the sentence to be imposed (see, People v Maula, 163 AD2d 180; People v Cwikla, 60 AD2d 40, revd on other grounds 46 NY2d 434; People v Coward, 100 AD2d 628; People v Baez, 136 AD2d 451, lv denied 71 NY2d 892; cf., People v Hall, 46 NY2d 873, 875, cert denied 444 US 848).
“The prohibition against double jeopardy found in both US Constitution 5th Amendment, and NY Constitution, article I, § 6, also requires resentence here.”
The Grant case (supra) appears to contain two rationales for the prohibition on sentencing courts using offenses of which the defendant has been acquitted (see, dissent in People v Harrison, 188 AD2d 374, 376, 378). The first appears to have its *761 genesis in People v Cwikla (60 AD2d 40, supra). A reading of Cwikla indicates that the case speaks of Federal due process rights in relationship to an alleged violation of North Carolina v Pearce (395 US 711). In the middle of the due process discussion, the Court states that it was improper for the sentencing court to consider the facts of a homicide of which the accused was acquitted (People v Cwikla, supra, 60 AD2d, at 47-48). This court concludes that the Appellate Division, First Department, is holding that when a sentencing court considers an offense of which an accused is acquitted, the Due Process Clause of the Federal Constitution is violated.
The second quoted paragraph in Grant (supra) indicates that the Federal and State Double Jeopardy Clauses are violated by a sentencing court considering criminal activity of which a defendant has been acquitted.
On January 6, 1997, the United States Supreme Court decided United States v Watts (519 US 148, supra). In United States v Watts (supra), the Court held that there is no Federal due process or double jeopardy bar for a sentencing court to consider an offense of which a defendant has been acquitted. As to the due process claim, the Court held that the Due Process Clause is complied with when a sentencing court finds by a preponderance of the evidence that an offense was committed. This standard of proof is applicable to all noncapital sentencing proceedings unless “exceptional circumstances” exist (supra, at 157), in which situation the criminal offense must be proven by clear and convincing evidence. The Court then reasoned that since the burden of proof at sentencing differs from the standard of beyond a reasonable doubt applicable at a criminal trial, no Federal due process rights are impinged. The Court also pointed out that an acquittal does not mean that a defendant is innocent, but merely that there is reasonable doubt as to defendant’s guilt (supra, at 155).
As to the Federal double jeopardy issue, the Watts Court held that since sentencing is for the acts constituting crimes of which the defendant has been convicted and not for the acts of the acquitted crime (the sentence only being enhanced), there was thus no Federal double jeopardy violation by considering an offense of which defendant was acquitted.
After the decision in Watts (supra), the United States Supreme Court decided Monge v California (524 US 721). In Monge the Court held (at 724): “This case presents the question whether the Double Jeopardy Clause, which we have found applicable in the capital sentencing context, see Bullington v. *762 Missouri, 451 U.S. 430 * * * extends to noncapital sentencing proceedings. We hold that it does not, and accordingly affirm the judgment of the California Supreme Court.” The Supreme Court held that the Federal Double Jeopardy Clause does not apply to noncapital cases.
Where there exists a conflict between New York courts and the United States Supreme Court as to the meaning of a Federal Constitution provision, all courts must follow the holding of the United States Supreme Court (People v Kin Kan, 78 NY2d 54, 59).
To the degree that any Appellate Division decision is based upon an interpretation of the Federal Constitution which conflicts with a United States Supreme Court ruling, this court must follow the holding of the United States Supreme Court and not the Appellate Division. Consequently, there is no Federal constitutional bar to a sentencing court considering criminal activity of which a defendant has been acquitted.
Our Court of Appeals has also substantially ruled in the same manner as the United States Supreme Court.
The Court of Appeals has held that due process is complied with when the sentencing court considers “reliable and accurate” information (People v Naranjo, 89 NY2d 1047, 1049). Under the Court of Appeals decision, in order to comply with due process, the sentencing court must have “ ‘reliable and accurate [information].’ ” (Supra, at 1049.) This standard is a lower standard of proof than the beyond a reasonable doubt standard applicable at a criminal trial. Since the standards are different, defendant’s due process rights would not be violated if the sentencing court considered an offense of which the defendant was acquitted (see, People ex rel. Matthews v New York State Div. of Parole, 58 NY2d 196, supra; Property Clerk of N. Y. City Police Dept. v Ferris, 77 NY2d 428, 431).
The Court of Appeals has also held that “[a]n acquittal * * * is not equivalent to a finding of innocence” (Reed v State of New York, 78 NY2d 1, 7).
Thus, this court concluded that under Court of Appeals precedent, there was no due process bar to a sentencing court considering the underlying facts of an offense of which an accused had been acquitted.
The Court of Appeals has also ruled that constitutional double jeopardy provisions do not apply to noncapital sentencing proceedings (People v Sailor, 65 NY2d 224, 229-236).
*763 This court concluded that defendant’s rights under the Double Jeopardy Clause are not violated by a sentencing court considering offenses of which an accused was acquitted.
The court also examined the Criminal Procedure Law sections and the Penal Law sections relating to sentencing and found no statutory prohibition against a sentencing court from considering an acquittal.
Finally, the court considered the fact that the rules of evidence do not apply to sentencing procedure. In sentencing a defendant, a court may consider hearsay (People v Oliver, 96 AD2d 1104, 1105, affd, 63 NY2d 973) and suppressed evidence (People v Mancini, 239 AD2d 436; People v Wright, 104 Misc 2d 911, 920-925; see also, People v Williams, 164 AD2d 1, 6, mod on other grounds 79 NY2d 281; People v Yung, 162 AD2d 874, 876).
This court could have considered the suppressed statements in this case if it so desired (but it did not). There is thus evidence that the jury never heard (which may or may not have affected the verdict) which a sentencing court has or can hear.
Further, from the jury notes and verdict, it appears that the jury discounted the confessions as being involuntary. This court, prior to the jury verdict, had found no violation of defendant’s rights. This court made such a finding by using the beyond a reasonable doubt standard.
This court having presided over the suppression hearings and having presided over the trial was fully familiar with both the evidence in favor of the defendant and the evidence against the defendant, and concluded that defendant in fact had committed a felony murder. The finding is based upon the “clear and convincing” standard. <■
For the above reasons, the court ruled that it was permitted to consider the fact that defendant had committed a felony homicide on July 24, 1997.

. During the pendency of this case and as part of a potential plea bargain, defendant agreed to submit to a polygraph test. The results of the polygraph examination indicated that defendant’s denial that he was the shooter was untruthful.

. Attenuation consisted of the considerable passage of time and the giving of Miranda warnings.

. The readback related mainly to the circumstances surrounding defendant’s confessions.

. One of the other two notes asked if the jury could convict defendant of robbery but not felony murder. The other note informed the court that the jury had reached a verdict.

. This finding is being made in the event that a court believes that this case is the “exceptional circumstances” spoken of in United States v Watts (519 US 148, 156-158).

. Since that time, a small minority of States have held to the contrary. The vast majority of States have held that a sentencing court is authorized to consider offenses for which a defendant has been acquitted. The effect of United States v Watts (519 US 148, supra) on this small minority is unclear.

. This case can be read in different ways. The author of 28 Texas Tech Law Review 963 (Sprouse, A Sentence For Acquittal: The Supreme Court Holds That Sentences May Be Enhanced For “Conduct” For Which Persons Have Been Tried And Acquitted: United States v. Watts, 117 S.Ct. 633 (1997)), in footnote 304 (at 1002), takes the position that the Appellate Division, Third Department, permits a sentencing court to consider the underlying facts of an offense of which an accused has been acquitted.