08-5797-cr
USA v. Bright

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of December, two thousand nine.

PRESENT: DENNIS JACOBS,
                        Chief Judge,
              ROSEMARY S. POOLER,
              BARRINGTON D. PARKER,
                        Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
        Appellee,

        -v.-                                        08-5797-cr

SIDNEY BRIGHT
        Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

APPEARING FOR APPELLANT:     Marvin E. Schecter, Law Offices
                             of Marvin E. Schecter, New York,
                             New York.

**APPEARING FOR APPELLEE:**    Jillian B. Berman, Joan M. Loughnane, Jesse M. Furman, United States Attorney's Office for the Southern District of New York, New York.

Appeal from an order of the District Court for the Southern District of New York (Pauley, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court be **UPHELD**.

Defendant-appellant Sidney Bright appeals from a November 24, 2008 order by the U.S. District Court for the Southern District of New York (Pauley, J.) denying a motion to dismiss an indictment against him on double jeopardy grounds. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This Court has jurisdiction over an interlocutory appeal under 28 U.S.C. § 1291 when an appellant claims that a prosecution violates his double jeopardy rights. United States v. Pavloyianis, 996 F.2d 1467, 1472 (2d Cir. 1993). This Court reviews "de novo as a question of law the denial of a motion to dismiss an indictment on Double Jeopardy grounds." United States v. Estrada, 320 F.3d 173, 180 (2d Cir. 2003).

A mistrial in a defendant's initial trial does not generally impose a double jeopardy bar if a defendant requests the mistrial or consents to the declaration of the mistrial. Maula v. Freckleton, 972 F.2d 27, 29 (2d Cir. 1992); see also United States v. Huang, 960 F.2d 1128, 1133 (2d Cir. 1992) ("[T]he Double Jeopardy Clause guards against government oppression; it does not relieve a defendant of the consequences of his voluntary choice to accept a mistrial.").

Here, Bright consented to the mistrial. When the issue of the potential conflict resurfaced on the third day of the trial, the judge ensured that the defendant understood what was going on and appointed new counsel to consult with him about the conflicts issue. After a break in the proceedings, the new counsel confirmed that Bright understood the issues and stated that Bright did not wish to waive his right to unconflicted counsel. The court directly

2

asked Bright "do you understand as a consequence of . . . the absence of your consent, that I will have to declare a mistrial in this case; do you understand that?" Bright answered affirmatively.

Bright's argument that he lacked representation at this stage (and so could not have properly consented) is unsupported by the record. Bright was represented by counsel at all times. The court appointed Richard Jasper "as counsel for Mr. Bright and would ask that [he] confer with him regarding this matter." The court did not relieve Jasper as "counsel for the defendant in connection with the Curcio matter" until after the mistrial was granted. Furthermore, Bright's original attorney still represented him until relieved at a conference the following day. His original attorney spoke on his behalf at later points in the mistrial discussion.

The totality of the circumstances confirm Bright's consent. United States v. Goldstein, 479 F.2d 1061, 1067 (2d Cir. 1973) ("Consent [to a mistrial] need not be express, but may be implied from the totality of circumstances attendant on a declaration of mistrial."). This Court has held that if a defendant has a chance to object to a mistrial, but chooses not to do so, then a court can infer consent. United States v. Beckerman, 516 F.2d 905, 909 (2d Cir. 1975); see also Maula, 972 F.2d at 29 ("Inferring consent from counsel's failure to object in this case is not only consistent with the requirements of the double jeopardy clause; it also tracks the general principle applied in other areas of trial practice, when failure to object to a ruling, which at the time it is made or proposed could readily be changed, will bar future attempts to review that ruling."). Here, Bright's counsel expressly informed the court that he had no objection to the mistrial. The district court asked, "I believe that I'm led to only one conclusion here, and that is the need to declare a mistrial in this case. Does any party see it any differently." Avraham Moskowitz--Bright's original counsel--replied, "No your honor."

Given Bright's consent to the mistrial, double jeopardy could not attach unless the prosecution intentionally provoked the mistrial. Oregon v. Kennedy, 456 U.S. 667, 673 (1982); United States v. Millan, 17 F.3d 14, 18 (2d Cir. 1993). This constitutes a "narrow" exception to the general rule that a defendant's consent to a mistrial lifts the

double jeopardy bar. Kennedy, 456 U.S. at 673; Millan, 17 F.3d at 18. For this exception to apply the prosecution must intend to provoke a mistrial "so as to afford the prosecution a more favorable opportunity to convict the defendant." United States v. Dinitz, 424 U.S. 600, 611 (1976). Mere bad faith, harassment, or gross negligence by a prosecutor do not similarly override a defendant's consent. Id.; Huang, 960 F.2d at 1133 ("The applicability of this exception turns squarely on the judge's or prosecutor's intent.").

Bright argues that any consent he gave was provoked by the prosecution, which desired to force a mistrial. There is insufficient evidence to support this allegation.

We accept a district court's finding that the prosecution did not intentionally act to provoke a mistrial unless such a finding was "clearly erroneous." Millan, 17 F.3d at 18. The district court here did not explicitly discuss the defendant's argument that the prosecution forced a mistrial to improve its chances in a second trial, however it implicitly found that the prosecution did not do so. The district court's opinion lays out the proper legal standard; it quotes Maula, 972 F.2d at 29, for the proposition that if the defendant consents to the mistrial, double jeopardy does not bar a second prosecution "unless the government or the court acts in a manner intended to provoke a defendant to move for a mistrial." Id. Given that it was aware of the proper legal standard and the defendant's argument that the prosecution provoked the mistrial, we infer that the district court found that the prosecution did not goad the defendant into consenting to a mistrial.

The record supports the district court's finding that the prosecution did not intentionally provoke a mistrial. The prosecution's initial position was that the trial could go forward and that the conflict was theoretical, not actual. The prosecution did not advocate for a mistrial and believed any conflict that existed could be waived. The prosecution offered an alternative solution that might have allowed the first trial to proceed (allowing an unconflicted attorney to cross-examine a witness)--an expedient that the court rejected. Furthermore, none of the alleged flaws in the prosecution's case that the defendant argues motivated the prosecution to prompt the mistrial would be remedied by a second trial. The prosecution's decision to raise the potential conflict is easily accounted for by a desire to

4

avoid a successful appeal by Bright on the grounds that his conflicted counsel was unable to vigorously attack a key government witness. See generally Wheat v. United States, 486 U.S. 153, 159-62 (1988) (exploring when possibly conflicted attorneys no longer constitute effective counsel).

Since Bright consented to the mistrial and the prosecution did not intentionally provoke a mistrial, the district court's order denying defendant's motion to dismiss is upheld.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
By:


_____