11-4486-cv
Marte v. Vance

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of May, two thousand twelve.

PRESENT: GUIDO CALABRESI,
REENA RAGGI,
DENNY CHIN,
        *Circuit Judges.*

------------------------------------------------------------------------

EDDY MARTE, LUIS MARTE,
        *Petitioners-Appellants*,

        v.                                                No. 11-4486-cv

CYRUS R. VANCE, JR., District Attorney for the County
of New York.
        *Respondent-Appellee.*[*]

------------------------------------------------------------------------

APPEARING FOR APPELLANTS:      DAVID SEGAL, Esq., New York, New York *for* Eddy Marte.

                               ROBERT BLOSSNER, Esq., New York, New York, *for* Luis Marte.

APPEARING FOR APPELLEES:       MARTIN J. FONCELLO (Eleanor J. Ostrow, *on the brief*), Assistant District Attorneys, *for* Cyrus R. Vance, Jr., District Attorney, New York County, New York, New York.

_____

[*] The Clerk of Court is directed to amend the caption as shown above.

Appeal from a judgment of the United States District Court for the Southern District of New York (John F. Keenan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment denying habeas relief pursuant to 28 U.S.C. § 2241, entered on October 18, 2011, is AFFIRMED and the order staying state criminal proceedings pending appeal entered on November 22, 2011, is VACATED.

Eddy and Luis Marte appeal the denial of their habeas petition seeking to bar their retrial by New York State on charges of attempted robbery as violating the Double Jeopardy Clause. They submit that neither manifest necessity nor implied consent existed to justify the declaration of a prior partial mistrial on the charges at issue so as to allow retrial. While only one level of the New York courts to review the Martes' double jeopardy challenge found retrial justified by manifest necessity, all three have found implied consent. See Marte v. Berkman, 16 N.Y.3d 874, 876, 925 N.Y.S.2d 388, 389 (2011); Marte v. Berkman, 70 A.D.3d 493, 493, 895 N.Y.S.2d 376, 377 (1st Dep't 2010); People v. Marte, No. 2420/08 (N.Y. Sup. Ct. N.Y. Cnty. June 1, 2009). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Standard of Review

We review the district court's denial of the Martes' habeas petition de novo. See Lopez v. Terrell, 654 F.3d 176, 180 (2d Cir. 2011). Insofar as the parties dispute the district court's decision on a § 2241 petition to apply de novo review to the state courts' ruling,

2

rather than to accord the deference established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, for § 2254 petitions,[1] we need not resolve the matter because petitioners' challenge fails even under de novo review.

2.      Implied Consent

When an accused consents to declaration of a mistrial, the Double Jeopardy Clause does not bar retrial.  See, e.g., United States v. Razmilovic, 507 F.3d 130, 140–41 (2d Cir. 2007).  Such consent "need not be express, but may be implied from the totality of circumstances attendant on a declaration of mistrial."  United States v. Goldstein, 479 F.2d 1061, 1067 (2d Cir. 1973).  Indeed we have observed that "consent can be inferred where defendant was afforded 'minimal but adequate opportunity to object' while mistrial was being declared."  Maula v. Freckleton, 972 F.2d 27, 29 (2d Cir. 1992) (quoting Camden v. Circuit Court of Second Judicial Circuit, 892 F.2d 610, 615 (7th Cir. 1989)).

On de novo review of the totality of the circumstances, we conclude, as did the district court, the New York Supreme Court, the Appellate Division, and the New York Court of Appeals, that petitioners implicitly consented to the declaration of mistrial.  After receiving a note from the jury stating that it was at an impasse on certain counts, the trial judge voiced his "inclination" to take a partial verdict and declare a mistrial as to the other charges.

---

[1] Although petitioners originally brought their petition under 28 U.S.C. § 2254, the district court converted the petition to one under § 2241 on the ground that the Martes, released on bail pending charges but not convicted of a crime, are not in custody "pursuant to the judgment of a state court."  28 U.S.C. § 2254(a).  No party challenges this decision.

3

Special App. at 48. The court then specifically asked if defense counsel wished to be heard on the proposed course of action. Defense counsel not only indicated that they did not wish to be heard, but also confirmed that the court intended to follow its inclination to take a partial verdict. These circumstances, by themselves, demonstrate implicit consent to the trial court's inclination to declare a mistrial on other counts.

As the New York Court of Appeals observed in its published decision in this case, the very purpose of the described conference was "for the attorneys to advise the court concerning the appropriate response to a jury note in order to assist the court in averting error." Marte v. Berkman, 16 N.Y.3d at 876, 925 N.Y.S.2d at 389 (citing People v. O'Rama, 78 N.Y.2d 270, 574 N.Y.S.2d 159 (1991)). To not recognize implicit consent in counsels' action (and inaction) in response to the trial court's preview of its intended response to the jury report of impasse would allow defense counsel to create "the false impression of acquiescence even while anticipating a subsequent objection," thus defeating the purpose of an O'Rama conference. Id.[2] The Court of Appeals' approach to implicit consent thus accords with federal jurisprudence. See Maula v. Freckleton, 972 F.2d at 29 (inferring such consent "tracks the general principle applied in other areas of trial practice, when failure to object to a ruling, which at the time it is made or proposed could readily be changed, will bar future attempts to review that ruling" (emphasis added)).

---

[2] We have no occasion to consider to what extent the Court of Appeals' conclusions on this issue may represent rulings of state procedural law that cannot be reviewed by this court. See Maula v. Freckleton, 972 F.2d at 28 ("'[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions'" (quoting Estelle v. McGuire, 502 U.S. 62, 67–68 (1991))).

The finding of implicit consent in this case is, moreover, reinforced by defense counsels' failure to avail themselves of other opportunities to voice objection to the declaration of a mistrial, notably when counsel declined the court's invitation to be heard after the jury was polled, and failed to speak before the court discharged the jury from the courtroom. Only after the jury was discharged and left the courtroom did defense counsel first signal a belated objection to the mistrial declaration.

Although we have recognized that "the decision to declare a mistrial is not irreversible until the jury has been discharged," here the jury was discharged. United States v. Razmilovic, 507 F.3d at 141 (observing that "'[o]nce the jury is discharged and has dispersed, a trial court is unable to reconsider its intention to declare a mistrial'" (quoting Camden v. Circuit Court of the Second Judicial Circuit, 892 F.2d at 616 n.7)). The record indicates that after the trial judge dismissed the jury, defense counsel requested that the jury be held. The trial judge so instructed the court officer, but the record is not clear as to whether the court officer was able to carry out the instruction. In these circumstances, we do not attempt to resolve record ambiguities as to the exact physical whereabouts of the jurors at the time defense counsel voiced objections "to protect the record." Special App. at 53. Rather, we conclude that a belated attempt to establish a record cannot substitute for a timely objection to a decision that had already been previewed and then made under circumstances where defense counsel's own words and actions implied consent.

5

3.    <u>Manifest Necessity</u>

Respondent submits that even without consent, petitioners' double jeopardy challenge fails because the mistrial was supported by manifest necessity. <u>See</u> <u>United States v. Razmilovic</u>, 507 F.3d at 136 (retrial permitted where mistrial compelled by "manifest necessity"). Recognizing that "the trial court is in the best position to assess all the factors which must be considered in making a necessarily discretionary determination whether the jury will be able to reach a just verdict if it continues to deliberate," we generally accord the trial court "broad discretion in deciding whether or not 'manifest necessity' justifies a discharge of the jury." <u>Arizona v. Washington</u>, 434 U.S. 497, 509, 510 n.28 (1978); <u>accord</u> <u>United States v. Razmilovic</u>, 507 F.3d at 137. In this case, we are mindful that the Appellate Division and the New York Court of Appeals have not upheld the challenged mistrial on this ground. But, because our identification of implied consent is enough, by itself, to affirm the district court's judgment, we rely on that ground and do not further pursue the question of manifest necessity.

4.    <u>Conclusion</u>

The judgment denying habeas relief is AFFIRMED and the district court's stay of state criminal proceedings is VACATED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6