23-6336-cr
*United States v. Montilla*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand twenty-four.

PRESENT:     GUIDO CALABRESI,
            SARAH A. L. MERRIAM,
                 *Circuit Judges*,
            JED S. RAKOFF,
                 *District Judge*.[*]

_____

UNITED STATES OF AMERICA,

    *Appellee*,

      v.                                                              No. 23-6336-cr

ABEL MONTILLA, a/k/a Coche Bomba,

    *Defendant-Appellant*,

---

[*] Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

DANIEL RODRIGUEZ, a/k/a Sealed
Defendant 1; GLORIA RODRIGUEZ
GONZALEZ, a/k/a Patricia Sanchez, a/k/a
Sealed Defendant 1; ANABEL COLON
REYES, a/k/a Sealed Defendant 1; DEEJAY
WHITE; JASON MARTINEZ, a/k/a Sealed
Defendant 1, a/k/a Jay; PEDRO GUZMAN
MARTINEZ, a/k/a Peter; JORGE MIRANDA-
SANG, a/k/a Chinito; LUIS GOMEZ ORTIZ,
a/k/a Kike; ROBERTO JUAN NIEVES
PEREZ, a/k/a Robert; ERIC MANUEL
FERNANDEZ COLON, a/k/a Erito; OMAR
LOPEZ CASTRO, a/k/a Sealed Defendant 1,
a/k/a Cache; ESTEBAN VARGAS SANJURJO,

     *Defendants.*

_____

FOR DEFENDANT-APPELLANT:    Bobbi C. Sternheim, Law Offices of Bobbi C. Sternheim, New York, NY.


FOR APPELLEE:    Juliana N. Murray, Ryan B. Finkel, Nathan Rehn, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION,** the March 22, 2023, judgment of the District Court is **AFFIRMED**.

Defendant-appellant Abel Montilla appeals from a final judgment of the District Court convicting him, after a jury trial, of one count of conspiracy to distribute and to possess with intent to distribute at least five kilograms of cocaine in violation of 21

2

U.S.C. §§841(a)(1), (b)(1)(A), and 846. The District Court sentenced Montilla principally to 204 months of imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

I. **Background**

On July 22, 2021, Montilla and three co-conspirators were indicted on one count of conspiracy to distribute and to possess with intent to distribute at least five kilograms of cocaine in violation of 21 U.S.C. §§841(a)(1), (b)(1)(A), and 846. Montilla proceeded to trial on the sole charge of the indictment. His first trial commenced on September 26, 2022. On the third day of trial, September 28, 2022, the government anticipated calling one of its cooperating witnesses, Pedro Guzman Martinez ("Guzman"). Guzman, however, tested positive for COVID-19 while at the courthouse waiting to testify. Based on the Southern District of New York's then-effective COVID-19 protocols, the earliest Guzman could re-enter the courthouse was October 11, 2022.

On the evening of September 28, 2022, the government filed a letter requesting "that the Court adjourn trial" until Guzman could "enter the courthouse, so that [he] may testify in person." Montilla App'x at 26. The government explained, in relevant part, that it had given "serious consideration as to whether it could entirely forego [Guzman's] testimony," and concluded that it could not because the testimony would "bear on the Government's ability to prove that the defendant knowingly joined the conspiracy," and similar testimony could not be introduced through other witnesses. *Id.* at 26-27. The government represented that it had discussed the request for an adjournment with

3

Montilla's counsel, who "conveyed that the defendant d[id] not object to" the request. *Id.* at 26.

On September 29, 2022, the District Court reconvened trial and addressed the government's request for an adjournment outside the presence of the jury. The District Court heard from both the government and Montilla's counsel about the "available options" for proceeding. Montilla App'x at 116. The government asserted that a mistrial was not "necessary" and "that a continuance would be appropriate." *Id.* at 117. In response, defense counsel represented that Montilla was "not in agreement with the government's request for an adjournment of the trial," *id.*, and argued that "the appropriate course is to declare a mistrial given that its [sic] the government's witness," *id.* at 118. The government then explained on the record what a mistrial would mean for Montilla, specifically "that the case would be retried in its entirety," and that "[i]t might take sometime [sic] for that to be scheduled." *Id.* at 119. Counsel for Montilla confirmed that he had discussed with his client the fact that he would "continue to be detained until the date of the trial which is a date yet not known." *Id*. at 119.

After explaining the legal standard, considering various factors and the available alternatives, and explaining the potential prejudice to Montilla, the District Court granted Montilla's request for a mistrial. In doing so, the District Court repeated that the case would be "retried." *Id*. at 123. Neither the government nor Montilla objected to this ruling, and after the jury was discharged, both counsel and the Court conferred to set a new trial date. In December 2022, Montilla was retried and convicted. Montilla timely appealed.

## II.    Discussion

On appeal, Montilla contends that (1) the District Court abused its discretion in granting a mistrial because there was no manifest necessity for a mistrial based on the unavailability of what Montilla deems "a non-essential" government witness, and (2) his retrial violated the Double Jeopardy Clause. Appellant's Br. at 15.

We review the District Court's decision "to declare a mistrial for abuse of discretion." *United States v. Razmilovic*, 507 F.3d 130, 137 (2d Cir. 2007).

"The Double Jeopardy Clause of the Fifth Amendment generally protects a defendant from successive prosecutions for the same offense." *United States v. Ware*, 577 F.3d 442, 446 (2d Cir. 2009). But "where the original trial has not been completed because the defendant himself moved for a mistrial, he is deemed to have deliberately elected to forgo his valued right to have his guilt or innocence determined before the first trier of fact." *Id.* (citation and quotation marks omitted); *see also Razmilovic*, 507 F.3d at 140-41 ("When a defendant moves for or consents to a mistrial, the Double Jeopardy Clause usually imposes no bar to retrying that defendant."). A "narrow exception" to this rule exists, however, where the government "intended to 'goad' the defendant into moving for a mistrial." *Oregon v. Kennedy*, 456 U.S. 667, 673, 676 (1982). This exception is "intended to prevent the prosecution from forcing a mistrial when things are going badly for it, in the hope of improving its position in a new trial." *United States v. GAF Corp.*, 884 F.2d 670, 673 (2d Cir. 1989).

Under the circumstances of this case, we find no violation of the Double Jeopardy Clause. Montilla explicitly requested a mistrial, and there is no evidence in the record that

the conduct of the government goaded his request. To the contrary, the government *opposed* a mistrial. Throughout, Montilla retained "primary control" of deciding whether to "continue on trial," or "to end that trial in light of the taint in the proceedings," which is "[t]he key double jeopardy policy to be protected when there has been prosecutorial or judicial error." *United States v. Pavloyianis*, 996 F.2d 1467, 1473 (2d Cir. 1993). Thus, Montilla's first trial did not impose a double jeopardy bar to his retrial in December 2022. *See United States v. Huang*, 960 F.2d 1128, 1133 (2d Cir. 1992) ("[T]he Double Jeopardy Clause guards against government oppression; it does not relieve a defendant of the consequences of his voluntary choice to accept a mistrial.").

We do not reach the issue of "manifest necessity" because Montilla "elected to terminate the proceedings against him," and, therefore, "the 'manifest necessity' standard has no place" in our analysis. *Kennedy*, 456 U.S. at 672; *accord Maula v. Freckleton*, 972 F.2d 27, 29 (2d Cir. 1992) (per curiam) ("No 'manifest necessity' analysis is required . . . when a defendant requests a mistrial, or consents to one, unless the government or the court acts in a manner intended to provoke a defendant to move for a mistrial." (citations omitted)).

We have considered Montilla's remaining arguments and consider them to be without merit. Accordingly, for the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

6