■ The People of the State of New York, Respondent, v Michael La Veglia, Appellant. [626 NYS2d 314] —Casey, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered November 4, 1991, upon a verdict convicting defendant of the crime of arson in the third degree.

In addition to the offense of which he was convicted after a trial, defendant was acquitted of three separate counts of murder in the second degree charged in the indictment. The first of these counts was based on the death of Joseph Realmuto caused by being beaten about the head with a hammer in the premises which he, Realmuto, owned. The second and third counts of murder were based on the deaths of Lorraine Thompson and Thomas Thompson, who were shot in the head in the same premises. Following Realmuto's death, his body was cut up and the parts deposited in garbage containers in Dutchess County. It was the theory of the defense that Realmuto had murdered the Thompsons over a drug deal and that defendant had acted justifiably when he killed Realmuto.

The arson of which defendant was convicted stemmed from defendant setting fire to the house while it contained the

bodies of the Thompsons in order to destroy all evidence which might connect him to the murders. Defendant did not deny setting the fire. County Court, after hearing the evidence at trial on all the charges, imposed the harshest penalty for the arson conviction, 5 to 15 years in prison. Defendant claims that in view of his acquittals on the murder charges and the fact that he has not been convicted of any prior felony, the sentence is harsh and excessive. We believe County Court's sentence was appropriate.

As County Court concluded, there is no doubt that defendant set fire to the house to prevent or hinder the authorities from obtaining evidence of three vicious murders. Defendant's argument that County Court abused its discretion in imposing the harshest possible sentence is based on defendant's contention that County Court can consider none of the evidence adduced at trial against defendant if that evidence is directly or indirectly related to the commission of the crimes of which defendant was acquitted. We do not believe defendant's argument to be valid in this respect. County Court did not sentence defendant for crimes of which he was acquitted, but instead County Court took into account all of the relevant facts and circumstances surrounding the crime of which he was convicted. We find no abuse of discretion in the sentence imposed by County Court.

Mikoll, J. P., White and Spain, JJ., concur. Ordered that the judgment is affirmed.