◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUPET NEISH, Appellant. [649 NYS2d 48] —Casey, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered December 2, 1994, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

The charges against defendant stem from the execution of a search warrant which authorized, *inter alia*, the search of Celeste Mohamed's residence in the Village of Endicott, Broome County, and the search of the person of anyone found in the residence at the time of the warrant's execution. Defendant was present in the upstairs apartment of the premises when the warrant was executed and a strip search of his person produced 41 vials and two bags of white powder in his

underpants. The vials weighed 4.92 grams and the bags weighed 3.53 grams. On the same day, a search of the downstairs apartment of Ronald Hardy pursuant to a second search warrant revealed a black bag containing approximately 11 ounces of cocaine packaged in plastic bags and vials. After being given *Miranda* warnings, defendant gave a written statement that he had purchased the drugs found on him for $325 from a male in a red car and that he had also purchased $200 worth of cocaine from the same person at the same place two days earlier.

Defendant and Hardy were jointly indicted for one count of criminal possession of a controlled substance in the first degree and one count of criminal possession of a controlled substance in the third degree, while acting in concert relative to the drugs found in Hardy's apartment. The same indictment charged only defendant with one count of criminal possession of a controlled substance in the third degree and with a similar drug offense in the fourth degree, based on the drugs found on defendant's person.

Defendant's motions to suppress the confession and the seized cocaine were denied, as was his motion to redact as an uncharged crime that portion of his confession which mentioned his purchase of cocaine prior to the date charged in the indictment. At the conclusion of the People's case, County Court dismissed the first two counts of the indictment, ruling the evidence to be legally insufficient to demonstrate defendant's illegal possession of the narcotics found in Hardy's apartment. Defendant was found guilty by the jury of the remaining two counts.

Subsequent to the verdict but prior to defendant's sentencing, Hardy, whose trial had been severed from defendant's, was convicted after a bench trial. During the course of the Hardy trial, a letter from defendant to Mohamed, which contained admissions that defendant and not Hardy was primarily responsible for the cocaine found in Hardy's apartment, was produced. County Court considered the letter and sentenced defendant to a prison term of 6 to 18 years for criminal possession in the third degree and a concurrent term of 2 to 6 years for criminal possession in the fourth degree.

On this appeal, defendant claims undue prejudice by County Court's admission of his written statement into evidence without redacting the earlier purchase of cocaine, which was not the subject of any of the charges. We find this claim untenable. Given the similar circumstances of the purchases and the close proximity in time, we are of the view that the evidence,

including the purchase prices, is relevant to defendant's "handling" of drugs, which is probative of defendant's knowledge of the weight of the drugs he was charged with possessing (*see, People v Sanchez*, 86 NY2d 27, 33-34). The probative value of the evidence clearly outweighed its potential for prejudice.

Defendant further argues that the search warrant permitting the search of Mohamed's apartment was overly broad since it allowed a search of anyone present in the apartment at the time of the execution of the warrant without any showing of probable cause as to the unspecified persons. We disagree. The application for the search warrant established probable cause to believe that Mohamed's apartment was being used for the sale and distribution of controlled substances. Thus, the issuing Magistrate could infer that anyone present was involved in the ongoing illegal activity (*see, People v Stephens*, 209 AD2d 999, *lv denied* 84 NY2d 1039); defendant's argument is therefore unavailing.

We likewise find untenable defendant's claim that reversible error was committed by County Court's refusal to permit defendant to act as his own attorney. Although defendant had expressed dissatisfaction with his attorney's representation, it was not until two days before trial that an impasse was claimed and an in camera hearing ordered. At the hearing, defendant initially indicated that if he could not have a different attorney he wanted to represent himself. A criminal defendant may be permitted to proceed *pro se* if the request is timely and unequivocal, there has been a knowing and intelligent waiver of the right to counsel, and the defendant has not engaged in conduct which would interfere with a fair and orderly trial (*see, People v McIntyre*, 36 NY2d 10, 17). That the defendant is unprepared or lacks the legal skills to mount an appropriate defense is not a proper basis to deny the request (*see, People v Ryan*, 82 NY2d 497, 507-508). In this case, defendant's request was not timely and unequivocal. As previously noted, the request came only two days before trial, and by the end of County Court's thorough colloquy with defendant regarding the rights he would be waiving, defendant agreed that continued representation by counsel was in his best interest. We also find no merit in defendant's *pro se* claim of prosecutorial misconduct.

Defendant strenuously objects to County Court's use at his sentencing of the letter he wrote to Mohamed which contained admissions of his guilt. It is defendant's position that the use of the letter constituted an impermissible sentence based on a crime of which he had been acquitted (*see, People v Grant*, 191

AD2d 297, *lv denied* 82 NY2d 719). Even assuming that County Court's dismissal of the first two counts of the indictment should be treated the same as an acquittal of such crimes (*see, People v Zagarino,* 74 AD2d 115, 120), the record establishes that the court expressly acknowledged at sentencing that defendant was not convicted of the class A felony charge. In considering the drug activity admitted by defendant in the letter, the court did not sentence defendant for the dismissed crimes, but instead took into account all of the relevant facts and circumstances surrounding the crimes of which he was convicted (*see, People v La Veglia,* 215 AD2d 836; *see also, People v Scallero,* 122 AD2d 350, 352). We see no abuse of discretion in the sentence imposed, which is within the statutory guidelines. The judgment of conviction should be affirmed.

Crew III, J. P., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.