■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO INNIS, Appellant. [732 NYS2d 358] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered October 28, 1999, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Barbaro, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing by a different Justice.

The defendant's contention that the court erred in determining that a pretrial identification by an eyewitness was confirmatory is unpreserved for appellate review (*see, People v Williams,* 85 NY2d 868; *People v Terry,* 224 AD2d 202), and we decline to exercise our interest of justice jurisdiction to review his contention (*see, People v Ramsey,* 288 AD2d 240 [decided herewith]).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The matter must be remitted to the Supreme Court, Kings County, however, for resentencing before a different Justice. In the codefendant's appeal (*People v Ramsey, supra*), we concluded that the remarks by the sentencing court demonstrated that it improperly considered crimes of which the codefendant was acquitted as a basis for sentencing (*see, People v Santiago,* 277 AD2d 258; *People v Grant,* 191 AD2d 297). The sentencing

court committed the same error in sentencing the defendant. Although the defendant did not raise this issue on appeal, in the exercise of our interest of justice jurisdiction, we grant him the same relief granted to his codefendant. O'Brien, J. P., McGinity, H. Miller and Adams, JJ., concur.