■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEENAN RAMSEY, Appellant. [732 NYS2d 582] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered September 22, 1999, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for

review the denial, after a hearing (Barbaro, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing by a different Justice.

The defendant's contention that the court erred in determining that a pretrial identification by an eyewitness was confirmatory is unpreserved for appellate review (*see, People v Williams,* 85 NY2d 868; *People v Terry,* 224 AD2d 202). At the suppression hearing, the People argued that the identification of the defendant in a photographic array and lineup by an eyewitness to the shooting was confirmatory because the eyewitness knew the defendant and provided the police with his name. Although the hearing court indicated that it agreed with the People's argument, the defense counsel failed to raise the contentions now made on appeal. Instead, he argued, *inter alia*, that the People failed to establish that the lineup procedure was not suggestive. Accordingly, the defendant's contentions are unpreserved for appellate review, and we decline to exercise our interest of justice jurisdiction to review them.

The matter must be remitted to the Supreme Court, Kings County, however, for resentencing before a different Justice. The remarks by the sentencing court demonstrated that it improperly considered crimes of which the defendant was acquitted as a basis for sentencing (*see, People v Santiago,* 277 AD2d 258; *People v Grant,* 191 AD2d 297). O'Brien, J. P., McGinity, H. Miller and Adams, JJ., concur.