Appeal by the defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered June 28, 2000, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress physical evidence.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, the Supreme Court properly denied suppression of the gun recovered from him. The detective’s limited pat-down search of the defendant was proper because he had a reasonable basis to fear for his physical safety (see CPL 140.50 [3]; People v Abdul-Hakim, 289 AD2d 587 [2001]; People v Bannister, 220 AD2d 520, 521 [1995]; People v DeJesus, 55 AD2d 196, 201 [1976]). Moreover, the defendant did not demonstrate that he was denied the effective assistance of counsel due to his trial counsel’s failure to move to reopen the suppression hearing (see People v Rivera, 7,1 NY2d 705, 708-709 [1988]; People v Baldi, 54 NY2d 137 [1981]; People v Walker, 282 AD2d 628 [2001]; People v Lam, 226 AD2d 554, 555 [1996]; People v McFadden, 118 AD2d 805 [1986]).
Finally, the defendant did not preserve for appellate review his contention that the trial court improperly based his sentence on crimes of which he was acquitted (see People v Harrison, 82 NY2d 693, 694 [1993]). In any event, this contention is without merit, and the sentence imposed was not excessive (see People v Ferere, 294 AD2d 596, 597 [2002]; People v Hopper, 277 AD2d 171, 172 [2000]; People v Suitte, 90 AD2d 80 [1982]; cf. People v Ramsey, 288 AD2d 240, 241 [2001]; People v Innis, 288 AD2d 236 [2001]; People v Santiago, 277 AD2d 258, 259 [2000]). Prudenti, P.J., Altman, Smith and Crane, JJ., concur.