**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4644

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANCISCO FROYLAN TELLO-NICIO,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (5:05-cr-00218-F)

Submitted: July 6, 2007          Decided: August 6, 2007

Before NIEMEYER and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Deborrah L. Newton, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francisco Froylan Tello-Nicio appeals from his thirty-seven month sentence entered following a jury verdict convicting him of possession of a firearm by an illegal alien. Tello-Nicio challenges the calculation of his advisory Guidelines range and asserts that his sentence was unreasonable. We affirm.

Tello-Nicio first contends that the district court erred by considering acquitted conduct in determining his offense level under the Sentencing Guidelines. However, a district court is free at sentencing to consider acquitted conduct proved by a preponderance of the evidence, even after United States v. Booker, 543 U.S. 220 (2005). See United States v. Duncan, 400 F.3d 1297, 1304-05 (11th Cir.), cert. denied, 126 S. Ct. 432 (2005); United States v. Williams, 399 F.3d 450, 453-54 (2d Cir. 2005). The district court's finding that Tello-Nicio was responsible for certain marijuana shipments and that a firearm was possessed during his relevant conduct is reviewed for clear error. See United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006); see also United States v. McAllister, 272 F.3d 228, 233-34 (4th Cir. 2001) (holding that firearm enhancement applies when a weapon was possessed in connection with drug activity that was part of the relevant conduct). Based on the undisputed trial testimony that Tello-Nicio signed for a marijuana shipment and possessed a firearm that was found in his room near a

plastic bag with marijuana residue and a fabric softener sheet, we conclude that the district court did not clearly err in calculating Tello-Nicio's offense level.

Next, Tello-Nicio contends that the district court should have granted him an acceptance of responsibility adjustment, because at trial he admitted that he was an illegal alien in possession of a firearm, the only count of which he was convicted. We review the district court's fact-based decision not to grant an acceptance of responsibility reduction for clear error and give great deference to the district court's conclusions as "that court is in a unique position to assess the defendant's motives and genuineness." See United States v. Hicks, 368 F.3d 801, 808 (7th Cir. 2004).

In deciding whether an acceptance of responsibility adjustment is warranted, the sentencing court should consider whether the defendant has truthfully admitted "the conduct comprising the offense(s) of conviction, and truthfully admitt[ed] or not falsely den[ied] any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." U.S. Sentencing Guidelines Manual § 3E1.1, cmt. n.1(a) (2005). Application Note 1(a) also advises that a defendant need not "volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction," and "may remain silent in respect to relevant conduct beyond the offense of

conviction without affecting his ability to obtain a reduction. . . ." Id. But "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility[.]" Id.

While in rare circumstances a defendant may exercise his right to trial and still receive an adjustment for acceptance of responsibility, see United States v. Harriott, 976 F.2d 198, 200-02 (4th Cir. 1992), this is not such a case. Here, Tello-Nicio denied his involvement with drugs at trial and at sentencing. Given the fact that he accepted delivery for over twenty kilograms of marijuana, the district court's conclusion that Tello-Nicio's testimony falsely denied his relevant conduct was not clear error. Moreover, if Tello-Nicio wished to limit his appearance at trial to certain counts, he was obligated to make that known ahead of time, so that the Government would not waste resources. See Hicks, 368 F.3d at 809 (7th Cir. 2004). Accordingly, the district court correctly determined that Tello-Nicio was not entitled to an acceptance of responsibility adjustment.

Finally, Tello-Nicio argues that his sentence was unreasonably harsh, given that the jury acquitted him of most of the conduct for which he was held responsible at sentencing. Tello-Nicio also contends that his was a unique case, because the

Government's own witness exonerated him of responsibility for some of the charged crimes.

We review a post-Booker sentence "to determine whether the sentence is within the statutorily prescribed range and is reasonable." United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006). "[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the [18 U.S.C.A. § 3553(a)] [(West 2000 & Supp. 2007)] factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), cert. denied, 127 S. Ct. 3044 (2007).

Tello-Nicio's sentence, in the middle of his Guideline range, was presumptively reasonable. In addition, the district court stated that it considered the § 3553 factors. Moreover, the acquitted conduct challenged by Tello-Nicio and considered by the court was supported by substantial evidence. To ignore such evidence would neither promote respect for the law nor provide just punishment, as required by § 3553. Thus, we conclude that Tello-Nicio has failed to rebut the presumption that his sentence was reasonable.

Accordingly, we affirm Tello-Nicio's sentence. We dispense with oral argument, because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED