*243 OPINION OF THE COURT
Steven W. Brockett, J.
This case presents the question of whether a sentencing court may consider evidence related to a charge of which the defendant was acquitted, where that evidence was not presented to the jury at trial. I considered such evidence in sentencing the defendant. This decision explains my reasoning.
Factual Background
On January 4, 2010, the defendant was arrested and charged with the felony of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [c]), the misdemeanor of resisting arrest (Penal Law § 205.30), and the traffic infractions of failing to signal (Vehicle and Traffic Law § 1163 [d]) and failing to signal for at least 100 feet before turning (Vehicle and Traffic Law § 1163 [b]) (two counts). At arraignment, the defendant’s driver’s license was suspended for his alleged refusal to submit to a chemical test. The felony charge was subsequently reduced to misdemeanor driving while intoxicated. Following a hearing and the denial of the defendant’s motion to suppress evidence, a jury trial was held.
At the trial, the prosecution contended that the defendant’s vehicle was stopped after an officer observed traffic infractions. The arresting officer testified that the defendant had an odor of alcohol on his breath, along with glassy eyes and impaired speech and motor coordination. The officer testified that the defendant refused to perform field sobriety tests and struggled with the officer in an attempt to resist his lawful arrest for suspicion of driving under the influence of alcohol. Additional police officers testified regarding the defendant’s physical condition shortly after the arrest. At the defendant’s request, he was taken from the scene of the arrest to a hospital for treatment of a claimed back injury. The police testified that the defendant continued to be combative at the hospital and that he refused to submit to a chemical test of his blood for the presence of alcohol.
The defendant testified that he had consumed two beers several hours before being arrested. While acknowledging he was an alcoholic, the defendant denied being intoxicated or impaired when driving. The defendant denied committing any traffic infractions and testified that a preexisting back injury prevented him from performing the requested field tests. The defendant denied resisting arrest and claimed that he was injured by the police during the arrest.
*244 In addition to the testimony of the police officers, the prosecution introduced into evidence a certified copy of the defendant’s medical records from his treatment at the hospital. A copy of these records had been voluntarily provided to the prosecution by defense counsel and a certified copy had been obtained by the prosecution via subpoena duces tecum. The certified records were received in evidence without objection from the defendant. Contained within the 40 pages of medical records were two test results that purported to show that blood drawn from the defendant approximately 75 minutes after his arrest had an alcohol level of .209%.
Prior to the contents of the medical records being disclosed to the jury, the defendant reversed his position and argued that the alcohol results contained in the records were inadmissible. The defendant argued that because the blood sample was taken without his consent and without statutory authorization, the alcohol results were inadmissible and should be redacted from the medical records. (See generally Vehicle and Traffic Law § 1194.) Based on the failure of the police to testify regarding the blood sample, and the complete absence of any proof from medical personnel, I ruled there was no proper evidentiary foundation for admission of the results and redacted the blood alcohol readings from the medical records.[1]
Following deliberations, the jury acquitted the defendant of driving while intoxicated and the traffic infractions, but convicted him of resisting arrest. A presentence investigation was ordered. On the sentencing date, the issue arose as to what consideration should be given to the defendant’s blood alcohol readings in light of the defendant’s prior criminal history of four alcohol-related driving convictions and his acquittal on the DWI charge. The defendant objected to the consideration of this evidence, primarily arguing that the blood results were not reliable. The sentencing was adjourned and a hearing was later held to permit the defendant to challenge the reliability of this evidence. At the hearing, the defendant testified to having taken *245 prescription pain medication on the day of his arrest and argued that the absence of this medication in the test results showed that the sample tested was not his. The defense did not otherwise challenge the reliability of the results, but argued that the prosecution had failed to establish a chain of custody for the sample and that the acquittal on the DWI charge precluded consideration of the alcohol test results. Following the hearing, I held that the reliability of the alcohol test results had been established by a preponderance of the evidence. (See CPLR 4518 [c] [certified hospital records are “prima facie evidence” of the truth of the facts contained therein]; People v Ortega, 15 NY3d 610, 617 [2010] [noting the particular trustworthiness of hospital records].) The defendant was sentenced to an enhanced period of incarceration based on my consideration of the alcohol test results.
The Law
I. General Sentencing Considerations
The broad purposes underlying New York’s sentencing laws are set forth in Penal Law § 1.05 (4)-(6). The purposes include punishment, deterrence, the rehabilitation and reintegration of offenders into society, and the protection of the community. (Id.; see People v Selikoff, 35 NY2d 227, 238 [1974].) To achieve these purposes, judges have generally been afforded wide latitude regarding the information they may consider when imposing sentence. (See United States v Watts, 519 US 148, 151 [1997]; People v Naranjo, 89 NY2d 1047, 1049 [1997], citing People v Day, 73 NY2d 208, 212 [1989].) “Highly relevant — if not essential — to the [sentencing court’s] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant’s life and characteristics.” (Williams v New York, 337 US 241, 247 [1949]; see also GPL 380.50 [sentencing court must afford the parties “an opportunity to make a statement with respect to any matter relevant to the question of sentence”].) A sentencing court is uniquely familiar with the defendant and the facts and circumstances surrounding the crime of conviction. This places the sentencing court “in a superior position to dispense proportionate and fair punishment.” (Day, 73 NY2d at 212.) A sentencing court’s discretion, however, is not without limit. Constitutional due process protections require that a court “assure itself that the information upon which it bases the sentence is reliable and accurate.” (People v Outley, 80 NY2d 702, 712 [1993].) But, provided it is *246 reliable and accurate, a broad spectrum of information is available for consideration by the sentencing court.
Evidence that has previously been suppressed may properly be considered in sentencing a defendant. (People v Brown, 281 AD2d 700 [3d Dept 2001]; People v Mancini, 239 AD2d 436 [2d Dept 1997]; People v Estenson, 101 AD2d 687 [4th Dept 1984]; People v Wright, 104 Misc 2d 911 [Sup Ct, NY County 1980]; see also Kamins, New York Search and Seizure § 1.01 [7] [k] [2010].) Conduct of a defendant may be considered even if that conduct has not resulted in a criminal conviction. (People v Felix, 58 NY2d 156,164 [1983] [acts underlying dismissed count of indictment]; Billiteri v United States Bd. of Parole, 541 F2d, 938, 944 [2d Cir 1976] [same]; United States v Needles, 472 F2d 652 [2d Cir 1973] [same]; People v Marshall, 68 AD3d 1014 [2d Dept 2009] [youthful offender adjudication]; People v Gonzalez, 242 AD2d 306, 307 [2d Dept 1997] [prior arrest]; People v Khan, 146 AD2d 806 [2d Dept 1989] [pending charges and information regarding immigration fraud].) A defendant’s sentence may be lawfully enhanced based on the mere fact of his arrest between the time of the guilty plea and sentencing, provided the defendant was warned of this possibility and provided the court finds that there was a legitimate basis for the arrest. (Outley, 80 NY2d at 713.) Under federal constitutional law, a sentencing court may even consider facts relating to an offense of which the defendant has been acquitted at trial. (See infra.)
II. Federal Law Regarding Conduct Underlying Acquittals
In 1997, the United States Supreme Court decided United States v Watts (519 US 148 [1997]). In Watts, the defendant was charged with possessing cocaine and two loaded firearms. Following a jury trial, the defendant was convicted of possessing the cocaine but acquitted of weapons possession. “Despite Watts’ acquittal on the firearms count, the District Court found by a preponderance of the evidence that Watts had possessed the guns in connection with the drug offense” and enhanced the defendant’s sentence based on that finding. (Id. at 150.) The Ninth Circuit Court of Appeals reversed, holding that “a sentencing judge may not, under any standard of proof, rely on facts of which the defendant was acquitted.” (67 F3d 790, 797 [1995] [internal quotation marks and citations omitted].) The Supreme Court reversed the circuit court and reinstated the District Court’s sentencing decision, holding that “a jury’s verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as *247 that conduct has been proved by a preponderance of the evidence.” (519 US at 157.) The Supreme Court rejected the argument that the consideration of facts underlying an acquitted charge was violative of the Double Jeopardy Clause of the Federal Constitution. (Id. at 154-155.) The Court explained the evidentiary significance of the jury’s verdict of not guilty: an “acquittal on criminal charges does not prove that the defendant is innocent; it merely proves the existence of a reasonable doubt as to his guilt.” (Id. at 155, quoting United States v One Assortment of 89 Firearms, 465 US 354, 361 [1984].) The Court held that so long as the underlying facts were established by a preponderance of the evidence, the defendant’s due process rights were satisfied and the facts could be considered in sentencing. (519 US at 156-157.)
Multiple federal circuit courts have since upheld sentences where the trial court considered conduct of which a defendant had been acquitted. (See e.g. United States v Culver, 598 F3d 740, 752-753 [11th Cir 2010]; United States v No Neck, 472 F3d 1048, 1055 [8th Cir 2007]; United States v Jimenez, 513 F3d 62, 88 [3d Cir 2008]; United States v Four Pillars Enters. Co., Ltd., 253 Fed Appx 502, 508 [4th Cir 2007]; United States v Tello-Nicio, 242 Fed Appx 892, 893 [4th Cir 2007]; United States v Horne, 474 F3d 1004, 1006 [7th Cir 2007]; United States v Mercado, 474 F3d 654, 657-658 [9th Cir 2007]; cf. United States v Booker, 543 US 220, 244 [2005] [while a judge has broad discretion when sentencing a defendant within a statutory sentencing range, any fact (except for prior conviction) that increases the penalty for a crime beyond the prescribed maximum must be proved to a jury beyond a reasonable doubt].)
III. State Law Regarding Conduct Underlying Acquittals
Despite the clear status of federal law permitting the consideration of conduct related to an acquitted charge, state case law is split on the issue. A significant body of Appellate Division case law out of the First and Second Departments holds that it is improper for a sentencing court to consider facts underlying an acquittal. (See People v Harvey, 76 AD3d 605 [2d Dept 2010]; People v Pacquette, 73 AD3d 1088 [2d Dept 2010], lv granted 15 NY3d 808 [2010];[2] People v Romero, 71 AD3d 795 [2d Dept 2010]; People v Schrader, 23 AD3d 585 [2d Dept 2005]; People v Errington, 307 AD2d 325 [2d Dept *248 2003]; People v Smith, 305 AD2d 432 [2d Dept 2003]; People v Reeder, 298 AD2d 468 [2d Dept 2002]; People v Ramsey, 288 AD2d 240 [2d Dept 2001]; People v Innis, 288 AD2d 236 [2d Dept 2001]; People v Santiago, 277 AD2d 258 [2d Dept 2000]; People v Varlack, 259 AD2d 392 [1st Dept 1999]; People v Menasche, 224 AD2d 551 [2d Dept 1996]; People v Grant, 191 AD2d 297 [1st Dept 1993]; People v Maula, 163 AD2d 180 [1st Dept 1990]; People v Coward, 100 AD2d 628 [2d Dept 1984]; People v Cwikla, 60 AD2d 40 [1st Dept 1977], revd on other grounds 46 NY2d 434 [1979].) This body of case law began to develop prior to the Supreme Court’s decision in Watts. These cases offer no extended analysis on the issue of conduct related to an acquitted charge. The decision in People v Harvey (supra) is representative. There, the Appellate Division remitted the case for resentencing holding that “the remarks of the sentencing court demonstrated that it improperly considered a crime of which the defendant was acquitted as a basis for sentencing.” (76 AD3d at 606.) Even the decisions rendered after 1997 neither cite Watts nor consider the federal constitutional issues decided therein. Two trial-level courts have declined to follow these Appellate Division precedents. (See People v Janick, 186 Misc 2d 1 [Sup Ct, Monroe County 2000] [court considered conduct underlying a grand jury “no bill” in enhancing defendant’s sentence]; People v Murray, 184 Misc 2d 755 [Sup Ct, Kings County 2000], mod on other grounds 282 AD2d 475 [2001] [court considered conduct underlying a homicide acquittal in enhancing defendant’s sentence].) As there is no statutory prohibition to the consideration of facts underlying an acquittal, and the apparent constitutional underpinnings of these Appellate Division cases have been rejected by the United States Supreme Court, the validity of these decisions may be in doubt.[3]
The Third Department gives broader discretion to the sentencing court and, consistent with Watts, permits the consideration of facts underlying an acquittal. In People v La Veglia (215 AD2d 836, 837 [3d Dept 1995]), the Court held it was not error for the sentencing judge to consider evidence pre *249 sented at trial that related to the commission of a crime of which the defendant was acquitted. This consideration simply “took into account all of the relevant facts and circumstances surrounding the crime of which [the defendant] was convicted.” (Id.) In People v Scallero (122 AD2d 350 [3d Dept 1986]), the defendant was charged with two counts of criminally negligent homicide, misdemeanor vehicular assault and the traffic infraction of driving while impaired by alcohol. Despite the defendant’s acquittal of the homicide and assault counts, it was not error for the trial court to consider the defendant’s drinking and negligent driving in imposing the maximum jail sentence for the traffic infraction conviction. (122 AD2d at 351-352.) In People v Ruff (50 AD3d 1167 [3d Dept 2008]), the defendant was charged with forcibly raping a 15-year-old girl. He was acquitted at trial. In a subsequent violation of probation (VOP) proceeding, the defendant was charged with absconding from supervision and with the forcible rape. Despite the defendant’s acquittal, the Third Department upheld the judge’s decision to credit the complainant’s testimony at the VOP hearing regarding the rape. (Id. at 1168.) The court held that the “acquittal after a criminal trial did not foreclose the posthearing finding that [defendant] violated conditions of his probation, given the differing charges and standards of proof in each matter.” (Id.) And, in a case analogous to the instant matter, the Third Department held that it was proper for a sentencing judge to consider evidence that had not been submitted to a trial jury that had returned an acquittal. (People v Neish, 232 AD2d 744 [3d Dept 1996].)
In Neish, the defendant was charged with two counts of criminal possession of a controlled substance for drugs found on his person, and two counts of criminal possession of a controlled substance for drugs possessed with a codefendant in the codefendant’s apartment. (Id. at 745.) At trial, the charges against Neish relating to the drugs in the apartment were dismissed by the court at the close of the People’s case because of insufficient evidence. (Id.) The defendant was convicted of possessing the drugs found on his person. (Id.) In the codefendant’s subsequent trial, a letter from Neish was introduced in evidence, wherein Neish admitted possessing the drugs in the apartment. (Id.) The trial court considered this letter when imposing sentence for the drugs found on Neish’s person. (Id.) The Third Department assumed that the dismissal of the charges relating to the drugs in the apartment was the equivalent of an acquittal, yet *250 rejected the defendant’s contention that the letter had been improperly considered at sentencing. (Id. at 746-747.) “In considering the drug activity admitted by defendant in the letter, the court did not sentence defendant for the dismissed crimes, but instead took into account all of the relevant facts and circumstances surrounding the crimes of which he was convicted.” (Id. at 747.)
Decision
I hold that a sentencing court may consider evidence related to a charge of which the defendant has been acquitted, where that evidence was not presented to the jury and has been established to the court’s satisfaction by a preponderance of the evidence.
The consideration of such evidence is not prohibited by statute and is permissible under the Federal Constitution as interpreted by the United States Supreme Court. This consideration is consistent with the policy of providing sentencing judges with all reliable and relevant information regarding the defendant’s background and the crime of conviction.
The right to trial by a jury of one’s peers is, of course, one of the pillars of our system of justice, and a sentencing judge should show appropriate respect for a jury verdict honestly and fairly rendered. This does not, however, require a court to be wilfully blind to relevant evidence the jury was not asked to review, merely because that evidence relates to an acquitted charge. Under Watts, evidence presented to a jury may be separately evaluated by a sentencing judge. Reliable evidence not presented to the trier of fact should be available for the sentencing court’s consideration. (See People v Brown, 281 AD2d 700 [2001]; People v Mancini, 239 AD2d 436 [1997]; People v Neish, 232 AD2d 744 [1996]; People v La Veglia, 215 AD2d at 837; People v Estenson, 101 AD2d 687 [1984]; People v Wright, 104 Misc 2d 911 [1980].)
In the instant case, the evidence of the defendant’s blood alcohol level shortly after his arrest was highly relevant to the imposition of an appropriate sentence. Based on the defendant’s history of alcohol abuse, his testimony at trial acknowledging his alcoholism and his four prior alcohol-related driving convictions, the blood alcohol evidence was relevant in determining the defendant’s success in addressing his alcohol addiction, and in determining the level of danger he posed to the community. The defendant was afforded an opportunity to challenge the *251 reliability of the blood alcohol evidence prior to sentencing. The reliability was established to my satisfaction by a preponderance of the evidence. This relevant and reliable evidence was considered in imposing the defendant’s sentence.

. The entries containing the test results appear on pages 13 and 22 of the records. Both results indicate an ethanol reading of “209 mg/dL.” Page 22 provides instructions for converting this measurement to a percentage. Based on my evidentiary ruling, both the entries and the instructions for conversion were deleted from the medical records. The remainder of the records was left in evidence and was reviewed by the jury during deliberations.
Defense counsel subsequently argued that the result on page 22 was from a separate urine test. As this result reflects “Serum Alcohol Levels,” it appears to be the result of a blood test. In either case, the test results are identical.

. Pacquette is presently pending in the Court of Appeals, but the defendant’s leave application indicates that the issue taken for review concerns the defendant’s right to counsel.

. The New York Court of Appeals could find that the State Constitution prohibits the consideration of evidence related to an acquitted charge. Such a state constitutional prohibition does not presently exist in New York. (But see People v Grant, 191 AD2d 297 [1993] [court cites the double jeopardy provisions of both the Federal and State Constitutions in remanding a case for resentence, but offers no further analysis].)