Rose, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered February 10, 2012, upon a verdict convicting defendant of the crimes of insurance fraud in the third degree and falsifying business records in the first degree.
Defendant’s vehicle, a full-size Toyota pick-up truck, allegedly struck another vehicle from behind while traveling northbound on State Route 9W in Ulster County shortly after midnight. It did not stop, even though the force of the crash caused the other vehicle to flip over onto its roof. The police responded to the accident scene, found a large Toyota emblem broken into two pieces on the road and, with the assistance of the FBI, were able to later match front grill pieces found at the scene of the accident to defendant’s vehicle.
Later on in the evening of the same day that the accident occurred, defendant’s vehicle was towed from his residence, which was also in Ulster County on State Route 9W approximately two miles north of the accident site, with extensive front-end damage. Defendant then filed a report with the State Folice *1056 indicating that he had hit a deer in Orange County that evening, and he made a claim through his insurance company for the repairs to his vehicle based on the alleged accident with a deer. Defendant’s friend, the tow truck operator who towed his vehicle, testified to the grand jury investigating defendant that he had towed the vehicle from the alleged scene of the deer accident in Orange County, rather than from defendant’s residence in Ulster County. However, neither the State Police nor the insurance company were able to verify that defendant’s vehicle had collided with a deer, and the tow truck operator was later convicted of perjury based on his testimony to the grand jury.*
Following a jury trial, defendant was acquitted of the charge of leaving the scene of a serious personal injury accident without reporting, but he was found guilty of insurance fraud in the third degree and falsifying business records in the first degree in connection with his fraudulent claim to his insurance company regarding the alleged accident with a deer. County Court sentenced defendant, who was a police officer at the time of the accident, to a prison term of 1 to 3 years for each count, to be served concurrently. He now appeals.
Initially, we are unpersuaded by defendant’s contention that the People failed to prove that at least one element of each crime occurred in Ulster County (see CPL 20.40 [1] [a]). “Venue . . . need only be established by a preponderance of the evidence” (People v Greenberg, 89 NY2d 553, 555-556 [1997]; see People v Ribowsky, 77 NY2d 284, 291-292 [1991]), and it is generally a question to be determined by the trier of fact. Further, we “give deference to every reasonable inference that a jury could draw from the evidence presented” (People v Groom, 188 AD2d 674, 675 [1992]; see People v Moore, 46 NY2d 1, 6-7 [1978]). Here, the claims processor from defendant’s insurance company testified that he called defendant and confirmed the details of defendant’s claim that he had hit a deer. Testimony and documentary evidence from the People’s telecommunications expert then established that the cell tower used during the call was in Ulster County, less than two miles from defend *1057 ant’s residence. The jury thus had a reasonable basis on which to conclude that defendant was in Ulster County while providing false information to his insurance company in connection with his efforts to obtain reimbursement for his claim (see People v White, 104 AD3d 1056, 1057 [2013], lv denied 21 NY3d 1021 [2013]; People v LanFranco, 278 AD2d 8, 8 [2000], lv denied 96 NY2d 736 [2001]; People v Chaitin, 94 AD2d 705, 705 [1983], affd 61 NY2d 683 [1984]; compare People v Lightbody, 62 AD3d 632, 633 [2009]).
We also disagree with defendant’s contention that County Court failed to meaningfully respond to the jury’s notes by failing to have requested testimony read back prior to the verdict being reached (see CPL 310.30; People v O’Rama, 78 NY2d 270, 276 [1991]). The jury started deliberations the day before the Thanksgiving holiday and requested the readback of certain testimony. Not all of the requested testimony had been prepared and read back prior to a subsequent note from the jury requesting a re-reading of instructions on the elements of the first two charges only and withdrawing the previous requests for any other testimony. After the instructions were re-read, the jury reached its verdict and, although defendant now contends that the court should have asked the jury whether it wanted any of the testimony read back, he did not make that specific request at the time. The note withdrawing the previous requests for testimony was unequivocal and “the court rightfully concluded that, by handing up a note stating that it had rendered a verdict prior to the court’s full response to its inquiries, the jury had resolved its questions and was no longer in need of the requested information” (People v Sorrell, 108 AD3d 787, 793 [2013]; see People v Cornado, 60 AD3d 450, 451 [2009], lv denied 12 NY3d 913 [2009]; People v Albanese, 45 AD3d 691, 692 [2007], lv denied 10 NY3d 761 [2008]).
Nor can we agree with the argument that County Court improperly considered the charge on which defendant was acquitted in determining his sentence. To the contrary, County Court expressly acknowledged at sentencing that it would not consider the crime of leaving the scene of a serious personal injury accident. Instead, the court properly considered defendant’s position as a police officer when he committed the crimes for which he was convicted. The court stated that the determination to impose a sentence of incarceration was based on the damage to the public’s trust in the criminal justice system caused by defendant’s dishonesty, his failure to accept any responsibility and his lack of remorse. In our view, the ambiguous comment regarding the “pain” that defendant had caused *1058 was superfluous and not the basis of the sentence imposed, which we find to be neither harsh nor excessive (see People v Boccaccio, 288 AD2d 898, 898 [2001]; People v Neish, 232 AD2d 744, 747 [1996], lv denied 89 NY2d 927 [1996]).
Defendant’s remaining contentions have been considered and determined to have no merit.
Lahtinen, J.E, McCarthy and Garry, JJ., concur.
Ordered that the judgment is affirmed.

 Although defendant claims that the State Police found deer hair on his vehicle, the Trooper who filed the accident report testified that, while he stood on the ground, the tow truck operator jumped up on the flatbed of the tow truck and pointed to what he claimed was deer hair. The Trooper did not closely inspect defendant’s vehicle and, when he went to where the deer accident allegedly occurred, he was unable to find any debris or other evidence that there had been an accident. The insurance company’s estimator testified that, based on the damage to defendant’s vehicle, it appeared that it had collided with a hard, solid object, rather than a deer.