People v Nunez (2018 NY Slip Op 02687)





People v Nunez


2018 NY Slip Op 02687


Decided on April 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 19, 2018

109283

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
GILBERTO A. NUNEZ, Appellant.

Calendar Date: February 20, 2018

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.


Miedel & Mysliwiec LLP, New York City (Florian Miedel of counsel), for appellant.
David M. Hoovler, District Attorney, Goshen (Nicholas D. Mangold of counsel), for respondent.


Mulvey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered February 7, 2017, upon a verdict convicting defendant of the crimes of perjury in the second degree, offering a false instrument for filing in the first degree and making an apparently sworn false statement in the first degree.
Defendant was charged by indictment with perjury in the second degree, offering a false instrument for filing in the first degree and making an apparently sworn false statement in the first degree based upon the allegation that he falsely stated on a pistol permit application that he had not been terminated from the armed forces "for cause." Following a jury trial,
defendant was convicted as charged and sentenced to an aggregate prison term of 1&frac13; to 4 years [FN1]. He now appeals.
We are unpersuaded by defendant's contention that the verdict is against the weight of the evidence. To convict defendant of perjury in the second degree and making an apparently sworn false statement in the first degree, the People were required to prove, insofar as is relevant here, that defendant made a false statement in his application for a pistol permit and that such statement was "made with intent to mislead a public servant in the performance of his [or her] official functions" (Penal Law §§ 210.10, 210.40). Similarly, defendant's conviction of offering a false instrument for filing in the first degree required proof that the statement in defendant's application was both false and made "with intent to defraud the state or any political subdivision" (Penal Law § 175.35 [1]).
The undisputed evidence at trial established that, less than eight months after enlisting in the United States Marines, defendant left his appointed place of duty without authorization in violation of the Uniform Code of Military Justice. Nearly three years later, defendant was apprehended by civil authorities and returned under guard to the Marines. Thereafter, defendant submitted a written request for separation from the armed forces in lieu of a trial by court martial. In that request, defendant acknowledged that he was "guilty of the offenses alleged" and that he had been advised of the consequences and loss of benefits resulting from a discharge "under other than honorable conditions," including the deprivation of virtually all rights enjoyed by a veteran. He further acknowledged that, as a result of receiving a discharge under other than honorable conditions, he "may encounter substantial prejudice in civilian life in situations wherein . . . the character of discharge therefrom may have a bearing." Defendant's request for separation was granted, and he was formally discharged under other than honorable conditions. Upon his discharge, defendant was issued a certificate of release or discharge from active duty, which likewise set forth that his discharge from the Marines was under other than honorable conditions and was due to conduct triable by court martial. Defendant sought review of his discharge status approximately four years later, but the Naval Discharge Review Board denied the request and affirmed defendant's discharge.
Even assuming that a different verdict would have been reasonable, upon independently evaluating the evidence and weighing the strength of the conflicting inferences that may be drawn therefrom (see People v Danielson, 9 NY3d 342, 348 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]), we cannot say that the jury failed to give the evidence the weight that it should have been accorded. In light of the uncontested proof that defendant's discharge was the result of his unauthorized and unlawful leave of absence, and given the acknowledgments made by defendant in his request for separation concerning his guilt as well as the nature and consequences of a discharge "under other than honorable conditions," the jury could reasonably conclude that defendant falsely answered "no" to the question asking whether he had been discharged from the armed forces for cause and that he knew this answer to be false. Further, defendant's intent to mislead and/or defraud can be readily inferred from the act itself, as well as his conduct and the surrounding circumstances (see People v Bracey, 41 NY2d 296, 301 [1977]; People v Rodriguez, 71 AD3d 450, 452 [2010], affd 17 NY3d 486 [2011]; People v Swain, 309 AD2d 1173, 1174 [2003], lv denied, 1 NY3d 581 [2003]; People v Montroy, 225 AD2d 913, 913-914 [1996]). Accordingly, we are satisfied that defendant's convictions are supported by the weight of the evidence.
Defendant failed to preserve for our review his claim that, in imposing the sentence, County Court improperly considered the murder charge of which he had been acquitted following a separate jury trial just months earlier (see CPL 470.05 [2]; People v Hooks, 148 AD3d 930, 931-932 [2017], lv denied 29 NY3d 1081 [2017]; People v Guerrero, 129 AD3d 1102, 1103 [2015], lv denied 26 NY3d 968 [2015]). In any event, as we explained in a companion appeal (People v Nunez, ___ AD3d ___ [appeal No. 109282] [decided herewith]), the record reflects [*2]that County Court "did not base its sentence on a crime of which defendant had been acquitted, but rather sentenced him based on all the relevant facts and circumstances surrounding the crime[s] of which he was convicted" (People v Lipford, 129 AD3d 1528, 1531 [2015] [internal quotation marks, ellipsis and citation omitted], lvs denied 26 NY3d 1040, 1041 [2015]; see People v Coleman, 151 AD3d 1385, 1388-1389 [2017], lv denied 29 NY3d 1125 [2017]; People v Douglass, 115 AD3d 1055, 1057-1058 [2014]).
Finally, we are unpersuaded that County Court's imposition of the maximum sentence was harsh and excessive. Considering, among other things, the pattern of deceptive and fraudulent conduct reflected in defendant's current and prior convictions, we find no abuse of discretion or extraordinary circumstances that would warrant modification of the sentence in the interest of justice (see People v March, 122 AD3d 1001, 1003 [2014]; People v Douglass, 115 AD3d at 1057-1058; People v Stumbrice, 194 AD2d 931, 935 [1993], lv denied 82 NY2d 727 [1993]).
Egan Jr., J.P., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant was sentenced for the instant crimes during a combined sentencing proceeding in which he was also sentenced upon his convictions for crimes charged under two unrelated indictments. Defendant's convictions in those matters are the subject of two separate appeals (People v Nunez, ___ AD3d ___ [appeal No. 109240] [decided herewith]; People v Nunez, ___ AD3d ___ [appeal No. 109282] [decided herewith]).