People v Nunez (2018 NY Slip Op 02686)





People v Nunez


2018 NY Slip Op 02686


Decided on April 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 19, 2018

109282

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
GILBERTO A. NUNEZ, Appellant.

Calendar Date: February 20, 2018

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.


Miedel & Mysliwiec LLP, New York City (Florian Miedel of counsel), for appellant.
David M. Hoovler, District Attorney, Goshen (Robert H. Middlemiss of counsel), for respondent.


Mulvey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered February 7, 2017, upon a verdict convicting defendant of the crimes of grand larceny in the third degree, insurance fraud in the third degree and falsifying business records in the first degree (five counts).
Defendant was charged by indictment with grand larceny in the third degree, insurance fraud in the third degree and five counts of falsifying business records in the first degree stemming from allegations that he fraudulently obtained monetary proceeds from a business owner's insurance policy. Following a jury trial, defendant was convicted as charged and sentenced to an aggregate prison term of 1 to 3 years, to be served
consecutively to the 1&frac13; to 4-year sentence imposed upon his recent convictions in an unrelated matter (People v Nunez, ___ AD3d ___ [appeal No. 109283] [decided herewith])[FN1]. He now appeals.
By failing to object to County Court's Sandoval ruling prior to the close of the Sandoval hearing, defendant did not preserve his present challenge to that ruling for our review (see People v Stacconi, 151 AD3d 1395, 1397 [2017]; People v Ramos, 129 AD3d 1205, 1207 [2015], lv denied 26 NY3d 971 [2015]; People v Burch, 97 AD3d 987, 990 [2012], lv denied 19 NY3d 1101 [2012]). Were we to consider the issue, we would find it to be without merit. The prior convictions at issue were recent, not too similar to the charged crimes and were probative of defendant's credibility and willingness to place his own interests above those of society (see People v Capers, 129 AD3d 1313, 1317 [2015], lv denied 27 NY3d 994 [2016]; People v Rockwell, 18 AD3d 969, 970-971 [2005], lv denied 5 NY3d 768 [2005]; People v Perry, 221 AD2d 736, 737-738 [1995], lv denied 87 NY2d 1023 [1996]). Further, County Court properly precluded any mention of the underlying facts in order to minimize any undue prejudice. Inasmuch as County Court appropriately balanced the probative value of the prior convictions against the risk of prejudice to defendant, we would find no abuse of discretion in its Sandoval ruling (see People v Keener, 152 AD3d 1073, 1074 [2017]; People v Cooley, 149 AD3d 1268, 1270-1271 [2017], lvs denied 30 NY3d 979, 981 [2017]).
Similarly unpreserved for our review is defendant's assertion that, in imposing the sentence, County Court improperly considered the murder charge of which he had been acquitted following a separate jury trial just months earlier (see CPL 470.05 [2]; People v Hooks, 148 AD3d 930, 931-932 [2017], lv denied 29 NY3d 1081 [2017]; People v Guerrero, 129 AD3d 1102, 1103 [2015], lv denied 26 NY3d 968 [2015]). In any event, the court twice confirmed at sentencing that it would not consider the murder victim's death in determining defendant's sentence. Instead, County Court expressly stated that the sentence imposed was based on defendant's deceptive and fraudulent conduct, as well as his lack of remorse. Viewing County Court's comments as a whole, we would find that "[t]he court did not base its sentence on a crime of which defendant had been acquitted, but rather sentenced him based on all the relevant facts and circumstances surrounding the crime[s] of which he was convicted" (People v Lipford, 129 AD3d 1528, 1531 [2015] [internal quotation marks, ellipsis and citation omitted], lvs denied 26 NY3d 1040, 1041 [2015]; see People v Coleman, 151 AD3d 1385, 1388-1389 [2017], lv denied 29 NY3d 1125 [2017]; People v Douglass, 115 AD3d 1055, 1057-1058 [2014]; People v Neish, 232 AD2d 744, 747 [1996], lv denied 89 NY2d 927 [1996]; People v La Veglia, 215 AD2d 836, 837 [1995]).
Finally, we are unpersuaded by defendant's contention that his sentence is harsh and excessive. Defendant received the minimum sentence allowable for these crimes (see Penal Law § 70.00 [2] [d], [e]) and it was certainly within County Court's discretion to direct that this sentence run consecutively to that imposed upon defendant's unrelated convictions (see Penal Law § 70.25 [1]). Based upon our review of the record and after consideration of all relevant factors, we perceive neither an abuse of discretion nor any extraordinary circumstances warranting a modification of the consecutive sentence imposed (see People v March, 122 AD3d 1001, 1003 [2014]; People v Douglass, 115 AD3d at 1057-1058; People v Stumbrice, 194 AD2d 931, 932 [1993], lv denied 82 NY2d 727 [1993]).
Egan Jr., J.P., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: During the combined sentencing proceeding in which those sentences were imposed, defendant was also sentenced to a concurrent term of one year in jail upon his conviction of two counts of criminal possession of a forged instrument in the second degree (People v Nunez, ___ AD3d ___ [appeal No. 109240] [decided herewith]).