People v Olsen (2025 NY Slip Op 03604)

People v Olsen

2025 NY Slip Op 03604

Decided on June 12, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 12, 2025

113410
[*1]The People of the State of New York, Respondent,
v
Richard Olsen, Appellant.

Calendar Date:April 22, 2025

Before:Garry, P.J., Clark, Pritzker, McShan and Powers, JJ.

Marshall Nadan, Kingston, for appellant.
Brian P. Conaty, District Attorney, Monticello (Danielle K. Blackaby of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the County Court of Sullivan County (James Farrell, J.), rendered July 29, 2021, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree.
In September 2020, defendant was charged by indictment with attempted murder in the second degree, criminal use of a firearm in the first degree, attempted assault in the first degree, criminal use of a firearm in the second degree, assault in the second degree, criminal possession of a weapon in the third degree, criminal possession of a weapon in the fourth degree and reckless endangerment in the first degree stemming from an incident during which defendant possessed a rifle magazine with a capacity of more than 10 rounds of ammunition. Following a jury trial, defendant was convicted of criminal possession of a weapon in the third degree and acquitted of the remaining charges. County Court thereafter sentenced defendant to a prison term of five years, to be followed by three years of postrelease supervision. Defendant appeals.
We are unpersuaded by defendant's argument that County Court abused its discretion when it considered evidence relevant to the crimes of which he was acquitted when imposing the sentence. At sentencing, County Court stated that this was not a simple criminal possession of a weapon case in that it was not a situation where police happened upon the rifle. Instead, defendant testified that he purchased the weapon in Pennsylvania with a large-capacity ammunition device and later discharged it at a vehicle. The court concluded, from defendant's own testimony, that this was "the definition of reckless behavior" as defendant admitted that he knew there were people in the vehicle. The court also stated that the fact that defendant was upset, went out of state to make the purchase and then discharged it is "what makes it bad." The court then clarified that it was "not going to consider any of the issues that the jury acquitted [defendant] on" and that "[h]e's presumed innocent, but he sat there and told me what he did with that gun that he'd bought 12 hours earlier." Finally, the court stated that it was basing its sentence on "the fact that this high-capacity ammunition device" — i.e., a rifle magazine with a capacity of more than 10 round of ammunition — "was purchased in connection with the purchase of a rifle, which was then used to shoot at people by [defendant's] own statement."
Accordingly, County Court did not improperly consider crimes of which defendant was acquitted. Instead, the court referenced the facts surrounding the crime of conviction, and the acquittal of the attempted murder charge did not require the court to overlook that the circumstances of defendant's crime included firing a rifle at an occupied vehicle (see People v Lipford, 129 AD3d 1528, 1531 [4th Dept 2015], lv denied 26 NY3d 1041 [2015]; People v Rose, 72 AD3d 1341, 1346 [3d Dept 2010], lv denied 16 NY3d 745 [2011]; People v Hamlin, 21 AD3d [*2]701, 702 [3d Dept 2005], lv denied 5 NY3d 852 [2005]; People v La Veglia, 215 AD2d 836, 837 [3d Dept 1995]; compare People v Anonymous, 221 AD3d 509, 510 [1st Dept 2023]; People v Black, 33 AD3d 338, 341-342 [1st Dept 2006]). Thus, viewing the court's comments as a whole, defendant was properly sentenced (see People v Coleman, 151 AD3d 1385, 1388-1389 [3d Dept 2017], lv denied 29 NY3d 1125 [2017]; People v Douglass, 115 AD3d 1055, 1057-1058 [3d Dept 2014]; see generally People v Nunez, 160 AD3d 1227, 1229 [3d Dept 2018]).
Nor do we find that defendant's sentence was unduly harsh or severe. While defendant denied any prior involvement with the criminal justice system, his presentence report reveals previous orders of protection issued against defendant for family members as well as a reference to a prior arrest not disclosed by defendant. Further, defendant received a sentence in the middle of the permissible range. Thus, given these factors as well as the circumstances surrounding the crime of conviction, we decline to disturb defendant's legal sentence in the interest of justice (see CPL 470.15 [3] [c]; [6] [b]).
Garry, P.J., Clark, McShan and Powers, JJ., concur.
ORDERED that the judgment is affirmed.